422 So.2d 1365 (1982)
Kathy GREEN and Carpet Brokers Distributors, Inc.
v.
LUXURY AUTO RENTALS, LTD.
No. 82-CA-0036.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
*1366 George Kim Johnson, Baton Rouge, for plaintiffs-appellants.
William N. Faller, William Cleveland, Baton Rouge, for the defendant.
Before PONDER, SAVOIE and ELLIS, JJ.
ELLIS, Judge.
This is a suit for damages arising out of an alleged automobile lease agreement between plaintiffs Kathy Green and Carpet Brokers Distributors, Inc. and defendant Luxury Auto Rental, Ltd., a limited partnership domiciled in Atlanta, Georgia. To the petition, defendant filed declinatory exceptions to the sufficiency of service and to the jurisdiction in personam over defendant. After a hearing, the exceptions were maintained, and plaintiffs' suit was dismissed. They have appealed.
At the hearing, Ms. Green testified as follows:
"Well, I saw an ad in the newspaper that I looked at at the public library for a Mercedes Benz leased out of Atlanta and I telephoned the company there and after several phone conversations, and I gave them the credit application over the phone and that sort of thing, they told me to come to Atlanta to put my deposit on the car and look at it. So I drove to Atlanta and took care of that and they told me the car would be ready in four or five days. I had asked for a couple of changes of equipment on the car. So about two weeks later, they called me and said the car was ready, to come get it. So I flew up to pick up the car and it was not ready so they told me I could drive it back to Baton Rouge and they would fly in Monday with the paperwork and the contracts to sign and that I could arrange for the equipment to be put on it in Baton Rouge. Theyafter about three and a half weeksstill hadn't come in with the contracts to be signed so after I contacted Mr. Johnson, he arranged with them for the terms for them to take the car back. They were to sign a release and return a portion of my deposit and they did not do that. They sent someone to pick up the car and he refused to identify himself and took the keys and took the car. So we had a warrant for his arrest on theft of the vehicle and the following Monday, I believe, Mr. Johnson was in contact with the leasing company and these charges were dropped when theywhen we discovered the car had been returned to them."
She further testified that the advertisement was in an Atlanta newspaper, that she signed the purchase agreement in Atlanta, and took delivery of the vehicle in Atlanta.
In this suit, plaintiffs are seeking the return of the deposit, travel expenses to and from Atlanta, and damages for injury to reputation and credit rating, and seek jurisdiction over defendant under the "Long Arm" statute, R.S. 13:3201 et seq.
R.S. 13:3201 provides:

*1367 "A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's:
"(a) transacting any business in this state;
"(b) contracting to supply services or things in this state;
"(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
"(d) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
"(e) Having an interest in, using or possessing a real right or immovable property in this state; or
"(f) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the non-resident formerly resided in this state.
"(g) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state."
Plaintiffs argue that the evidence in this case shows that the defendant has transacted business in Louisiana, contracted to supply a thing in Louisiana, and committed an offense or quasi offense in Louisiana. Defendant successfully argued in the trial court that there had not been sufficient contact between it and the State of Louisiana to justify the exercise of personal jurisdiction over it in this state.
In the recent case of Soileau v. Evangeline Farmer's Co-op, 386 So.2d 179 (La.App. 3rd Cir.1980), the court restated the proper interpretation of R.S. 13:3201:
"It is well settled that the legislative intent in enacting this statute was to extend personal jurisdiction of Louisiana courts over non-residents to the full limits of due process, i.e., to any non-resident who has `minimum contacts' with this state. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La.1973), and Aucoin v. Hanson, 207 So.2d 834 (La.App. 3rd Cir. 1968). This jurisprudence requires a liberal interpretation of LSA-R.S. 13:3201 in favor of finding jurisdiction. Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977); Latham v. Ryan, 373 So.2d 242 (La.App. 3rd Cir.1979).
"The finding of jurisdiction over non-residents involves an evaluation of the factual circumstances of the case in light of federal constitutional principles. In order for the proper exercise of jurisdiction in personam over a non-resident there must be sufficient minimum contacts between the non-resident defendant and the forum state to satisfy due process and `traditional notions of fair play and substantial justice' as required by Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Whether or not a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances peculiar to each case. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La. 1973)."
In this case, the record reveals that defendant is a Georgia limited partnership. All of its negotiations with plaintiffs were by telephone, or in Atlanta. Ms. Green picked up the car in Atlanta, and the only document executed was executed in Atlanta. The only contacts with Louisiana were the use of the vehicle in Louisiana, and the fact that a representative of defendant picked up the car in Louisiana. There is no indication in the record that defendant has ever before leased a vehicle for use in Louisiana.
Certainly, the circumstances of this case do not lead to a conclusion that defendant transacted any business in Louisiana, within the meaning of the statute.
*1368 Nor can we agree with plaintiffs' contention that an offense or quasi offense was committed when defendant's representative picked up the car in Louisiana. It does appear that defendant furnished a vehicle to be used in Louisiana. However, we do not believe that, under the circumstances of this case, this isolated transaction constitutes sufficient minimum contacts between the defendant and Louisiana to satisfy due process and traditional notions of fair play and substantial justice. We therefore hold that Louisiana courts cannot exercise personal jurisdiction over defendant.
We further note that service of process and citation was made on defendant through the Secretary of State of Louisiana, which does not satisfy the requirements of R.S. 13:3204. The exception to the sufficiency of service was also properly maintained.
The judgment appealed from is therefore affirmed, at plaintiffs' cost.
AFFIRMED.