562 So.2d 1164 (1990)
Stephen HENDRIX and Jude Hendrix
v.
The CITY OF NEW ORLEANS, New Orleans Recreation Department, New Orleans Recreational and Planning Department, City Athletic Association, and American Empire Surplus Lines Insurance Company.
No. 89-CA-1335.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
Alvin J. Bordelon, Jr., Michael T. Tusa, Jr., Walker, Bordelon, Hamlin, Theriot & Hardy, New Orleans, for third party defendant-appellee.
Gregory D. Guth, Asst. City Atty., William D. Aaron, Chief Deputy City Atty., Okla Jones, II, City Atty., New Orleans, for appellant.
Frederick W. Bradley, Liskow & Lewis, New Orleans, for defendant-appellee.
Before GARRISON, BYRNES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The City of New Orleans appeals the trial court's judgment ordering it to join in a settlement agreement negotiated on its behalf by its liability insurer, American Empire Surplus Lines Insurance Company, "American Empire." We affirm the trial court's judgment.
Plaintiffs, Stephen and Jude Hendrix, filed suit against the City of New Orleans, certain departments of the City and its insurer for injuries Stephen allegedly suffered during a baseball game at Digby Park in New Orleans. Stephen claims that he fell into a hole and broke his cheekbone and suffered a "droopy eyelid". He was *1165 treated for one and one-half months. The game was played as part of the summer softball league sponsored by the Commercial Athletic Association of New Orleans. Mr. Hendrix, an employee of Tenneco, played on a team with other employees from Tenneco.
An answer to the lawsuit was filed on behalf of all defendants by Attorney Brad G. Theard. In the answer Mr. Theard set forth a third-party demand against Tenneco Inc., alleging that Tenneco was required to indemnify the defendants for any injury plaintiffs may have sustained. The third-party demand was based upon an alleged indemnity provision found in an application form of the Commercial Athletic Association for men's softball teams.
In particular the application form contained the following language which was the exclusive basis of the third-party demand:
All players play at their own risk. The team is responsible for any injury. The C.A.A. nor any City in Louisiana are responsible for any injury received before, during or after the game.
The application was filled out by the Captain or Manager of the team and signed by each player.
Upon receipt of the third-party demand Tenneco filed a Motion for Summary Judgment alleging the language did not constitute an indemnity nor was there anyone who signed as a representative of Tenneco. The Motion was denied, however, the trial court advised Tenneco to reurge the motion closer to trial. Tenneco answered the third-party demand denying liability and filed a reconventional demand against the City, its departments and its insurer for monies Tenneco had paid to Stephen Hendrix in benefits while injured.
On or about October 7, 1988, Stephen Hendrix and the principal defendants, (i.e. the City, its departments and its insurer) represented by Brad Theard, reached a settlement of the principal demand for $24,000.00. Mr. Theard further agreed to dismiss American Empire's and its insured's claims against Tenneco in exchange for Tenneco's reciprocal agreement to dismiss its claims against American Empire and the City. The City, however, upon being informed of the settlement, objected because it had not approved the settlement and refused to dismiss its incidental demand against Tenneco in accordance with the terms of the settlement agreement.
Upon the City's refusal to honor the settlement agreement reached by its insurer, Tenneco filed a Motion to Enforce the settlement agreement. A hearing was held on December 12, 1988, the date on which the City's and Tenneco's claims against each other were set to be tried. At the hearing, the fact that a settlement agreement had been reached was confirmed in open court by counsel for Tenneco and counsel for American Empire. The parties were given an opportunity to submit post-hearing memoranda, which all parties did. On February 24, 1989, the settlement agreement entered into between Hendrix, American Empire and Tenneco was found to be valid and enforceable and binding on all parties, including claims that fell within the City's deductible. The trial court ordered the City to join in the settlement and the City instituted this appeal through its separate counsel.
In arguing that a settlement agreement does not exist the City relies on La.C.C. article 3071 which provides, in pertinent part, that:
A transaction or compromise is an agreement between two or more persons, who for preventing or putting an end to a lawsuit, adjust their differences by mutual consent....
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding.
The City argues that the absence of a writing in the instant case made it clear error for the trial court to grant Tenneco's Motion to Enforce Settlement. The City looks to Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981) rehearing denied, for its interpretation of article 3071. However the City's reliance on Felder is misplaced. The Supreme Court stated in Felder that two instruments when read together, *1166 outlining the obligations each party has to the other, will evidence a "written compromise agreement" as contemplated by the statute.
In Felder the court found that there was a valid and binding settlement of all claims where a "Release and Settlement of Claim" signed by both parties, (however the contesting party signed as a witness), accompanied by a draft, issued by the contesting party, in the amount of consideration agreed upon in the release, evidenced the acquiescence of the parties therein.[1]
The City argues that it has been further held that for a compromise agreement to be valid it must be complete in and of itself and absolutely independent of parol testimony to establish its meaning. Bugg v. State Farm Mutual Automobile Insurance Co., 295 So.2d 194 (La.App. 4th Cir. 1974).
In the present case there was no one document which was labelled "settlement agreement" and was signed by both parties. Instead, after verbally agreeing to settle, Mr. Theard drafted a Motion to Dismiss Third-Party Demand. After drafting this motion Mr. Theard forwarded it to counsel for Tenneco to file. For all essential purposes of the defendants they had dismissed their third-party demand as of that time. As reflected in the November 8, 1988 letter from Alvin J. Bordelon to Brad Theard, Mr. Theard overlooked signing the motion. Mr. Bordelon returned the motion back to Mr. Theard for his signature. It was at that time that Mr. Theard felt he should get the City's approval to dismiss the third-party demand because he had learned of the City's dissatisfaction with the settlement terms of the principal demand. Mr. Theard signed the motion but forwarded it to Greg Guth for his approval. Mr. Guth refused to sign the motion and Tenneco moved to enforce settlement. At the hearing on this matter Tenneco called Mr. Theard as a witness to substantiate the documents and to prove that there was a meeting of the minds as to what the parties intended.
One of the provisions of article 3071 is that an agreement may be recited in open court. The testimony of the parties was sufficient to establish that a settlement agreement had been confected. We agree with the trial court that the City can not now argue that the compromise was invalid when the two parties who confected the agreement admitted in open court that there was a settlement.
Mr. Theard's authority to settle this matter, consistent with the provisions of the insurance policy, was absolute. Employer's Surplus Lines Ins. v. City of Baton Rouge, 362 So.2d 561 (La.1978). The City's policy of liability insurance with American Empire contained the following provision:
I. Coverage A-Bodily Injury Liability
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay because of a) bodily injury or b) property damage to which this insurance applies, caused by an occurrence arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, that the company shall not be obligated to pay any claim or judgment or defend any suit after the applicable limit of the company's liability has been settled or exhausted by payment of judgments or settlements.
(Emphasis added.) This language makes it clear that the insurer was granted the power and authority to settle claims against the city "as it deems expedient." There is no requirement that the City be consulted or that it concur in the decision. The policy goes on to provide as follows with respect *1167 to the payments falling within the "deductible."
DEDUCTIBLE LIABILITY INSURANCE
4. The company [American Empire] may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, the named insured shall promptly reimburse the company for such part of the deductible amount as has been paid by the company.
(Emphasis added.) The policy clearly contemplates that payment and settlement by the insurer may certainly precede notification to the insured and a request for reimbursement.
In another assignment of error the City argues that the trial court erred by reciting in its reasons for judgment that "Mr. Hendrix fell into a hole in the playing field." It charges that no such evidence was before the court.
The merits of the case were not before the court and did not play any part in its decision on the effectiveness of the settlement of the incidental demand. The statement is not a "finding of fact" upon which the judgment is based. The trial court had before it a pure question of law. We find that the trial court's recitation of the claims in the underlying suit was simply given by way of background and to give context to the dispute at bar.
As a third assignment of error the City argues that it was error for the trial judge to hear the Motion to Enforce Settlement on December 12, 1988 when it had only been served the motion on December 9, 1988. It relies on La.C.C.P. article 2595 in asserting that it was entitled to reasonable notice. The City argues that because this motion was dispositive of its case that it is akin to a Motion for Summary Judgment which requires ten days notice.
The City properly concedes that there is no time period specifically required between notice of a hearing on a Motion to Enforce Settlement Agreement and the hearing itself. Nor is it reasonable to infer that the same notice required for summary judgment hearings should be required. Local Rule 15 provides:
In all cases where notice is required, and no time is specified by law, by these rules, or by Order of Court, forty-eight hours shall be allowed.
In this case there was a signed order of the court setting the hearing for the Motion to Enforce Settlement Agreement for December 12, 1988. Under the Local Rule the signed order of the Court constitutes sufficient notice. Furthermore, this case was scheduled for trial on the merits on the same day that the motion was heard. We find no error by the trial court for hearing the motion at that time.
For the foregoing reasons, we affirm the trial court's judgment.
AFFIRMED.
NOTES
[1] We are told, in the instant case, that the City has likewise reimbursed its insurer in an amount consistent with the contested settlement agreement.