621 So.2d 1 (1993)
Sandra SCOTT, Marilyn Scott Individually and on Behalf of her Minor Child Charlene Scott, et al.
v.
Raymond GREEN, et al.
No. 92-CA-0973.
Court of Appeal of Louisiana, Fourth Circuit.
February 26, 1993.
Rehearing Denied August 12, 1993.
W. Monroe Stephenson, Morris H. Hyman, New Orleans, for plaintiffs-appellees.
Bernard, Cassisa, Saporito & Elliott, Stephen N. Elliott, Howard B. Kaplan, Metairie, for defendants.
Before BYRNES, CIACCIO and JONES, JJ.
JONES, Judge.
Defendants M & B Investments, Inc., d/b/a U-Save Auto Rental (hereafter referred to as M & B) and Empire Fire and Marine Insurance Company, (hereafter referred to as Empire), appeal the trial court's judgment enforcing a settlement agreement with the plaintiffs. We reverse the trial court's judgment.
This litigation arises out of an accident which occurred on or about February 16, 1991 involving a vehicle owned by M & B. The vehicle was rented to Christopher Bowman and, contrary to a certification he made under the contract prohibiting drivers other than himself, Mr. Bowman allowed Raymond Green to operate the vehicle. While driving on North Claiborne Avenue Mr. Green was involved in an accident with another vehicle being driven by Sandra Scott. At the time of the accident, Marilyn Scott, Charlene Scott, Gloria Brown, Tanya Brown and Dionne Brown were all guest passengers in Sandra Scott's vehicle.
Suit was initiated on May 14, 1991. On or about August 21, 1991, counsel for defendants made a verbal settlement proposal to counsel for plaintiffs in the amount of $20,000.00 plus $2,301.72 for property damage. On August 22, 1991, counsel for plaintiffs forwarded to defendants a letter indicating his acceptance of the settlement proposal. Subsequently defendants revoked their settlement offer. On September 30, 1991 plaintiffs filed a Rule to Enforce the verbal settlement. Defendants filed an Exception of Lack of Jurisdiction and a Motion in Opposition to the Rule to Enforce Settlement. The trial court denied defendants' Exception and granted plaintiffs' *2 Rule. From this judgment, defendants appeal.
By it first assignment of error, defendants argue that the trial court erred in finding jurisdiction over M & B and Empire where there was not sufficient minimum contacts to assert jurisdiction. Defendants argue that M & B is a Mississippi corporation. M & B does not maintain any offices within the State of Louisiana and does not derive any revenues from the State of Louisiana. M & B does not maintain any bank accounts within the State of Louisiana. The vehicle at issue was rented in Biloxi and was not brought to Louisiana by any representative of M & B. Nor does M & B have any salesmen in Louisiana and has not leased any cars in Louisiana.
M & B cites Green v. Luxury Auto Rentals, Ltd., 422 So.2d 1365 (La.App. 1st Cir.1982) to support its position that the mere involvement in an accident in Orleans Parish is simply not sufficient to warrant jurisdiction of M & B or Empire in this matter.
Plaintiffs argue that Green is factually distinguishable from the instant case. Green concerned the breach of a car rental agreement. The instant case sounds in tort. Plaintiffs further argue that the settlement agreement resolved all disputes between the parties including jurisdiction.
We find that the court has in personam jurisdiction over the defendants under the Louisiana Long-Arm Statute. Under La. R.S. 13:3201(1), the court has jurisdiction over a party and over the business when a party negotiates a settlement through employment of local counsel, who must be regarded as their agent. Stevens v. Stevens, 476 So.2d 883 (La.App. 2d Cir.) writ denied 478 So.2d 908 (La.1985). This assignment of error lacks merit.
By their next assignment of error M & B argues that the trial court committed manifest error in enforcing an alleged settlement agreement where there was no confirmation of the settlement agreement in writing by defendants. M & B argues that a compromise which is not reduced to writing is unenforceable. Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981); Bourgeois v. Franklin, 389 So.2d 358 (La. 1980); Anderson-Dunham, Inc. v. Hamilton, 564 So.2d 823 (La.App. 1st Cir.) writ denied 569 So.2d 963 (La.1990). Furthermore, the written documentation must be signed by both parties. Felder v. Georgia Pacific Corp., supra; Singleton v. Bunge Corp., 364 So.2d 1321 (La.App. 4th Cir. 1978); Anderson-Dunham, Inc. v. Hamilton, supra. M & B also cites Smith v. Schultz, 546 So.2d 596 (La.App. 3d Cir. 1989) and Jacobson v. Harris, 503 So.2d 540 (La.App. 4th Cir.1987) writ denied 503 So.2d 1019 (La.1987), as precedent.
Plaintiffs rely on Hendrix v. City of New Orleans, 562 So.2d 1164 (La.App. 4th Cir. 1990) because they allege that it was here that the court gave jurisprudential credence to the amendment to La.C.C. article 3071. The amendment to article 3071 of the Civil Code provides:
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
Plaintiffs submit that all other cases rendered subsequent to July 28, 1981, the effective date of the amendment, that mandate a settlement agreement be reduced to writing are in error. Additionally, plaintiffs argue that in the instant case the settlement is capable of being transcribed. The terms of the offer and acceptance are not in contest. Plaintiffs further argue that defendants' counsel confirmed the settlement in writing by a letter to his clients dated August 27, 1991.
Finally, plaintiffs argue that defendants judicially admitted to the settlement. Citing Starnes v. Emmons, 538 So.2d 275 (La.1989) plaintiffs argue that the terms of La.C.C. article 3071 have been fulfilled by defendants' counsel, Mr. Elliot's, deposition and by statements in the defendants' brief.
We agree with the defendant that a written agreement is necessary under La. *3 C.C. article 3071 if the agreement has not been recited in open court. Plaintiffs' written communication alone does not suffice because the documentation must be signed by both parties. A letter setting forth one's understanding of the agreement is not an agreement of the parties reduced into writing. Compromise is a bilateral contract. La.C.C. article 3071; Bielkiewicz, et al., v. Rudisill, et al., 201 So.2d 136 (La.App. 3d Cir.1967).
We find that Hendrix v. City of New Orleans, supra is distinguishable from the instant case because in Hendrix several writings existed, with identical terms, signed by either party. There is no requirement that a single writing exist signed by both parties. In Tucker v. Atterburg, 409 So.2d 320, 322 (La.App. 4th Cir.1982), this court held:
The whole purpose of C.C. 3071's requirement that compromise be in writing is to avoid swapping a new dispute for an oldto avoid the necessity of credibility evaluations. Specifically, the writing requirement aims at avoiding litigation over what the terms of a settlement are.
Neither party denies that an agreement was reached. Defendants are merely arguing that the agreement cannot be enforced because it was not in writing. Defendants cite Anderson-Dunham, Inc. v. Hamilton, supra at 828 which states, "While the statute itself does not provide for the consequences of failure to reduce a compromise agreement to writing, a compromise which is not reduced to writing is unenforceable. (Cites omitted)"
A plain reading of the statute mandates that either the agreement be in writing or recited in open court. Failing either of these circumstances, the agreement is not enforceable.
By a third assignment of error, defendants argue that for any compromise to be enforced, it would also have to have the consent of M & B. Empire has denied insurance coverage on the vehicle at issue because it was not insured under the fleet policy issued by Empire at the time of the accident and M & B had only extended $3,500.00 in settlement authority.
Plaintiffs filed a Motion to Strike defendants' arguments associated with this third assignment of error in addition to evidence which defendants attempt to offer for the first time in this appeal. It is not necessary for us to address defendants' third assignment of error having determined that the settlement agreement is unenforceable. However, we observe that both M & B and Empire had the same counsel and at the time the settlement was negotiated all the parties had knowledge that the vehicle involved in the accident was not covered by Empire's insurance policy on M & B's fleet. Plaintiffs Motion to Strike is granted.
For the foregoing reasons the trial court's judgment is reversed.
REVERSED.