676 So.2d 1192 (1996)
Damien LAVAN, Plaintiff-Appellee,
v.
Robert E. NOWELL, et al., Defendants-Appellants.
No. 95-836.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1996.
*1193 A.I. Stacey Williams Marcel, for Damien Lavan.
William Joseph Ziegler, Jr., Lafayette, Wendell Verret, New Iberia, for Robert E. Nowell, et al.
Marc Damon Moroux, Lafayette, for American Manufacturers Mutual Insurance.
Before KNOLL, THIBODEAUX, COOKS, WOODARD and AMY, JJ.
THIBODEAUX, Judge.
Louisiana Insurance Guaranty Association (LIGA), the statutory successor to Automotive Casualty Insurance Company, and Robert E. Nowell appeal the trial court's grant of a peremptory exception of res judicata filed by American Manufacturers Mutual Insurance Company, the uninsured motorist carrier of the plaintiff, David Lavan. We affirm.

ISSUE
The issue in this case is whether an enforceable settlement agreement was reached between Lavan and Nowell's insurer.

FACTS
This case arises out of a September 19, 1991, automobile accident. Lavan was a guest passenger in a vehicle driven by William Trailer. Trailer's vehicle was struck *1194 from the rear by a motor vehicle driven by Nowell. On June 4, 1992, Lavan filed suit naming Nowell; his insurer, Automotive Casualty; and, American Manufacturers, the UM carrier, as defendants. On November 30, 1992 Lavan and Morris Haik, counsel for Automotive Casualty, reached a settlement agreement. Counsel for Lavan forwarded a letter to Haik indicating the terms of the agreement. The settlement was never effectuated and Automotive Casualty was subsequently declared insolvent on January 30, 1993. LIGA is the statutory successor of Automotive Casualty.
On April 4, 1994, American Manufacturers, the UM carrier, moved for a partial summary judgment and filed a peremptory exception of res judicata. The motion for summary judgment was denied. The trial court reserved decision on the exception of res judicata pending consideration of post-trial briefs.
The trial court ultimately sustained American Manufacturers' peremptory exception, finding that Automotive Casualty's verbal settlement of Lavan's personal injury claim before Automotive Casualty was declared insolvent was sufficient to meet the requirements of La.Civ.Code art. 3071. The trial court held that the correspondence from Lavan's attorney reflecting his version of the settlement, coupled with the statement by counsel for Automotive Casualty at the hearing on the peremptory exception that a verbal agreement had been reached, was sufficient under La.Civ.Code art. 3071; thus, the settlement was enforceable.
LIGA and Nowell appeal, contending that the trial court erred in finding an enforceable settlement based solely upon Lavan's settlement letter, even though the parties stated in open court during argument on the peremptory exception that such verbal agreement had been made. We disagree with the contentions of LIGA and Nowell and affirm the decision of the trial court.

LAW AND DISCUSSION
Louisiana Civil Code Article 3071 provides in pertinent part:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on....
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
The codal article mandates that either the agreement be written or recited in open court. The absence of a writing or recitation in open court, renders the agreement unenforceable. Scott v. Green, 621 So.2d 1 (La. App. 4 Cir.), writ denied, 629 So.2d 1139 (La.1993). First, we will examine the present case for evidence of a written agreement. Next, we will ascertain whether the agreement was recited in open court, capable of being transcribed from the record of the proceeding.
The purpose of the writing requirement is "to serve as proof of the agreement and the acquiescence therein." Bourgeois v. Franklin, 389 So.2d 358, 361 (La.1980). A compromise agreement which is not reduced to writing is unenforceable. Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981). The requirement that the compromise agreement be written does not necessarily mean that the agreement must be contained in one document. However, the purpose of the writing requirement is to serve as proof of the agreement and acquiescence therein and, as such, must be signed by both parties. Id. A letter by one of the parties setting forth their understanding of the agreement is not an agreement of the parties reduced to writing. Scott, 621 So.2d 1.
In this case, it is clear that counsel for Lavan sent a letter to Nowell's attorney on December 2, 1992, confirming settlement of the case for $8,000.00 and making arrangements to pick up the settlement check. However, there is nothing written in the record that shows agreement by Nowell, his insurer, or their attorney to the terms stipulated in correspondence. There are two *1195 written memos in the record that seem to have been generated by Nowell's liability insurer; however neither of these show agreement on its part to settle. Instead, the memoranda merely show that the liability insurer gave authority to settle for not more than $8,500.00. Accordingly, we do not find that a written agreement exists.
We next examine the record to see whether there was an oral recitation in open court of an agreement to settle which was capable of being transcribed from the record. The purpose of prescribing the form of a transaction and compromise in La.Civ.Code art. 3071 is to insure the proper proof of extrajudicial agreements. If such agreement is recited in open court and is capable of transcription from the record, the agreement will be treated as though it were a written contract. Kee v. Cuco's, Inc., 618 So.2d 12 (La.App. 3 Cir.), writ not considered, 620 So.2d 852 (La.1993).
American Manufacturers depends upon the acknowledgment, made by Nowell's attorney during the hearing on American Manufacturers' peremptory exception, that he had entered into a verbal agreement to settle the case just prior to Automotive Casualty's insolvency. There is no description of the terms of the settlement in the court colloquy that would enable anyone to transcribe the settlement terms. Nevertheless, the trial court found that counsel for both parties conducted settlement negotiations in good faith and arrived at a verbal agreement satisfactory to both. Therefore, the trial court held that the parties showed the verbal agreement fell within the limited exception to the writing rule required by La.Civ.Code art. 3071. We agree with the trial court.
The record reflects that Lavan's attorney sent a letter to Automotive Casualty's attorney stating:
This letter is to confirm our conversation of November 30, 1992 in which we settled the above captioned matter for EIGHT THOUSAND AND NO/100 ($8,000.00) DOLLARS plus court costs. It is my understanding that you will contact me Thursday, December 3, 1992 on whether or not I can pick up the check on Thursday or Friday. It is also my understanding that you will stipulate to the settlement if we cannot obtain the check prior to the trial date.
This letter, admitted into evidence, along with the parties' admission in open court, that a settlement agreement had been reached is sufficient to establish the existence of a settlement agreement. Because the letter was admitted into evidence, the terms of the agreement to settle are capable of transcription as required by La.Civ.Code art. 3071. Further, Article 3071 allows the substance of the agreement to settle, admitted in open court, to "thereafter be written in a more convenient form."
In Guarisco v. Haskins, 93-1239 (La.App. 3 Cir. 5/4/94); 640 So.2d 575, 577, writ denied, 94-1464 (La. 7/1/94); 641 So.2d 208, this court announced that LIGA was created to "avoid excessive delay in payment... to claimants and policyholders because of the insolvency of an insurer." The Louisiana Supreme Court has held that LIGA's provisions "must be interpreted to protect claimants and policyholders and to advance their interests rather than the interests of the association." Senac v. Sandefer, 418 So.2d 543, 546 (La.1982). To this end, compromise agreements between parties to avoid litigation are favored by law. Courts will not declare a settlement agreement void without a clear showing that it violated good morals or public interest. Guarisco, 640 So.2d 575. For these reasons, we conclude that an enforceable settlement existed and LIGA is obligated to honor it.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed at the cost of the appellants.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.
AMY, J., dissents for the reasons assigned by KNOLL, J.
KNOLL, Judge, dissenting.
I agree with the majority's determination that there was no written agreement among *1196 the parties to settle the lawsuit. However, I respectfully disagree with the majority's determination that the parties showed a verbal agreement to settle which met the exception to the writing rule required by La.Civ.Code art. 3071.
In the present case, American Manufacturers depends only upon the acknowledgment in the hearing on its peremptory exception by Nowell's attorney that he had entered into a verbal agreement to settle the case just prior to Automotive Casualty's insolvency. I find that the trial court's reliance on this fact was insufficient to comply with the recitation requirements of La.Civ.Code art. 3071. There is no description of the terms of the settlement in the court colloquy that would remotely enable anyone to transcribe the settlement terms. Accordingly, I find that the trial court erred as a matter of law in finding that the parties showed that the verbal agreement fell within the limited exception to the writing rule required by La.Civ. Code art. 3071.
In making this determination, I find that Hendrix v. City of New Orleans, 562 So.2d 1164 (La.App. 4 Cir.1990), the case relied upon by the trial court in the present case, is clearly distinguishable from the facts presented herein. In Hendrix several separate writings existed, with identical terms, signed by either party. In contrast, the case sub judice presents only one signed writing generated by only one of the parties to the alleged agreement. At no time was there a recitation of the terms of the agreement "in open court" as required by La.Civ.Code art. 3071. Sullivan v. Sullivan, 671 So.2d 315 (La.1996). In trying to force the facts of this case to meet the codal exception, I find that the majority's reliance upon this letter to bolster its resolution of the case is misplaced.
For the foregoing reasons, I would reverse and set aside the judgment of the trial court which maintained the exception of res judicata and remand this case to the trial court for further action.