708 So.2d 1052 (1998)
Damien LAVAN
v.
Robert E. NOWELL, et al.
No. 98-C-0284.
Supreme Court of Louisiana.
April 24, 1998.
PER CURIAM.[*]
This application presents the issue of whether a verbal agreement between the attorneys for the parties to settle a personal injury claim, followed by a letter by one attorney outlining the settlement agreed upon, constitutes a valid compromise if that party, at a hearing to enforce the compromise, admits the letter accurately described the verbal agreement.
After the filing of the personal injury action against defendant and his insurer,[1] counsel for both sides verbally agreed to a settlement. Counsel for plaintiff forwarded a letter to counsel for defendants, outlining her understanding of the verbal settlement and proposing a formal stipulation to be signed by the insurer. Before the stipulation was signed, the insurer was declared insolvent and ordered into liquidation. The Louisiana Insurance Guaranty Association was added to the action.
Plaintiff's UM carrier then filed an exception of res judicata and a motion for partial summary judgment, seeking a determination that the letter from plaintiff's counsel constituted a compromise reduced to writing in accordance with the requirements of La. Civ.Code art. 3071.[2] The trial court denied the motion, but sustained an exception of res judicata, ruling that the verbal agreement between had been confected in accordance with Article 3071 and thus was enforceable against LIGA as defendant's insurer.
The court of appeal affirmed. 95-836 (La. App. 3 Cir. 7/3/96); 676 So.2d 1192. However, this court set aside that decision and remanded the case to the court of appeal to reconsider in light of our recent decision in Sullivan v. Sullivan, 95-2122 (La.4/8/96); 671 So.2d 315. After reviewing and reconsidering its judgment in light of our decision in Sullivan, the court of appeal again affirmed.
In order to be enforceable under Article 3071, a compromise either must be reduced to writing and signed by the parties or their agents,[3] or must be recited in open court and be capable of transcription from the record of the proceeding. The only issue is whether the oral out of court settlement between the parties was ever recited in open court and capable of transcription from the record.
In Sullivan, supra, the husband and the wife negotiated a settlement in their divorce proceedings, and the parties, along with their respective attorneys, dictated the terms of the settlement to a court reporter outside of the court proceeding. When the court reporter provided a transcript of the settlement, *1053 the wife objected to the terms spelled out by the transcript. This court held that:
a judge's adoption of a transcription of an oral agreement not signed by all of the parties does not constitute a recitation in open court of the agreement insofar as such recitation contemplates and necessitates the parties' consent to such an event, and it was clear at this point that appellant no longer consented to the terms of the oral agreement.
671 So.2d at 318.
In this case, as in Sullivan, there was never any recitation of the oral agreement in open court. The letter outlining the oral agreement never was agreed to in writing by defendant's insurer's attorney. While LIGA's attorney, upon questioning by the trial court at the hearing on the exception and motion, admitted that the letter correctly set forth the terms of the oral settlement, LIGA refused to consent to those terms, asserting that the insolvent insurer was never bound by the compromise.
The lower court erred in holding that the parties had consented to the settlement and that the terms of the settlement were capable of transcription from the record. A writing that does not satisfy Article 3071 because it is not signed by both parties cannot be transformed into an enforceable compromise simply by the judge's admitting that writing into evidence and then having the parties admit that the writing basically sets forth the settlement verbally agreed to by the parties.
Accordingly, the application is granted, the judgment of the lower courts sustaining the exception of res judicata is reversed, and the exception is overruled. The case is remanded to the trial court for further proceedings consistent with this opinion.
JOHNSON, J., would deny the writ.
NOTES
[*] Knoll, J., not on panel, recused.
[1] Plaintiff's uninsured motorist carrier was also joined as a defendant.
[2] Article 3071 provides:

A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient forum.
[3] This court has held several times that although Article 3071 does not expressly require a signed writing, there is an implied requirement for signatures of both parties. Sullivan, 671 So.2d at 317 (quoting Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981)). Thus the fact that the letter in this case was signed by only one of the parties precludes a finding that the parties reached a settlement reduced to writing under Article 3071.