771 So.2d 669 (2000)
Seavius Mark AMY
v.
SCHLUMBERGER TECHNOLOGY CORPORATION, etc.
No. 00-175.
Court of Appeal of Louisiana, Third Circuit.
June 14, 2000.
*670 Wells T. Watson, Baggett, McCall & Burgess, Lake Charles, LA, Counsel for Plaintiff/Appellee.
Patrick O'Keefe, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, Counsel for Defendant/Appellant Schlumberger.
Robert Fenet, Baton Rouge, LA, Todd M. Ammons, Stockwell, Sievert, Lake Charles, LA, Counsel for Defendant/Appellant N.L. Industries, Inc.
Russell M. Cornelius, Cornelius, Sartin & Murphy, New Orleans, LA, Counsel for Defendant/Appellant Woolf & Magee, Inc.
N. Craig Richardson, Perret, Doise, Lafayette, LA, Counsel for Defendant/Appellant Badger Oil Corp.
Etienne C. Lapeyre, Lapeyre and Lapeyre, L.L.P., New Orleans, LA, Counsel for Defendant/Appellant Davis Oil Company.
Patrick J. Hanna, Rabalais, Hanna & Hebert, Lafayette, LA, Counsel for Defendant/Appellant J-W Operating Company.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge JIMMIE C. PETERS and Judge MARC T. AMY).
AMY, Judge.
The plaintiff filed suit against his former employer and other defendants seeking recovery for damages associated with lymphoma, a condition he alleges resulted from his workplace. The plaintiff filed a motion to enforce a settlement he alleged that he had reached with the employer. After a hearing, the trial court ruled in favor of the plaintiff finding the parties had reached a settlement. The employer now appeals. For the following reasons, we reverse.

Factual and Procedural Background
The plaintiff, Seavius Mark Amy, filed suit in June 1994 alleging that his former employment with a division of the defendant, Schlumberger Technology Corp. (Schlumberger), brought him into contact with radiation, benzene, and benzene containing products. He contends that this alleged contact while in the employment of Schlumberger and other defendants, resulted in his contraction of lymphoma. The plaintiff sought recovery for damages stemming from the condition.
According to argument by counsel, the plaintiff and Schlumberger attempted to settle that portion of the suit relating to Schlumberger. The parties apparently agreed on a dollar figure for Schlumberger's release and a check was even cut; however, when Schlumberger sent release language to the plaintiff, it was deemed unacceptable due to the scope of the indemnity described therein. The plaintiff subsequently filed a Motion to Enforce Settlement alleging:
Schlumberger entered into a settlement with plaintiff. Contrary to the terms of the settlement agreement and failure to satisfy said agreement, Schlumberger has not paid the monies agreed. Their excuse for not paying these monies is that they want plaintiffs to indemnify them in this litigation. This is not and was not part of any agreement made with Schlumberger. Schlumberger is in total bad faith and in breach of their agreement to settle this claim with Mr. Amy. Plaintiff moves for an order setting this matter for hearing and thereafter enforcing settlement.
At the hearing that followed, Schlumberger argued that the release language found to be unacceptable by the plaintiff is the customary and usual language associated with settlements. The plaintiff contended that there is no such customary and usual language and that each defendant is different. Plaintiffs counsel argued to the court:
Sometimes he's right; sometimes there are cases where the defendant is just dismissed and you agree to defend him over anything, and that's it. But in this *671 case, we never agreed to that and we haven't signed the release documents, and I don't think we should have to. I think they agreed to pay us the [$]45,000; the agreement was that if we got halfif we got a certain amount, we'd give them half back, so their exposure is [$]22,500. We didn't agree to indemnify them over things we don't know about. And it would not be fair to ask us to do it. And so putting things in a release, that they weren't contemplated when it was settled, is just not an appropriate settlement.
After hearing counsels' arguments, the trial court found in favor of the plaintiff, concluding that a settlement had been reached. Schlumberger appeals and assigns the following as error:
I.
The trial court erred as a matter of law by granting plaintiff-appellee Amy's motion to enforce an alleged agreement to compromise a lawsuit where there was insufficient evidence adduced that there was any writing reflecting the intentions of the parties to compromise the suit, all contrary to La.Civ.Code Ann. art. 3071.
II.
The trial judge erred in enforcing an alleged agreement to compromise a lawsuit comprised of tort and worker's compensation causes of action without reference to the statutory formalities and requirements of L.S.A.-R.S. 23:1272 relative to worker's compensation settlements.

Discussion

Article 3071
In its first assignment of error, Schlumberger argues that the trial court erred in finding the requirements of La.Civ.Code art. 3071 satisfied under the instant circumstances. Schlumberger contends the parties merely had an agreement in principle pending completion of settlement documents. It contends that letters between counsel during the period demonstrate that the two parties never reached a meeting of the minds as to what the documents should entail. The plaintiff asserts that Schlumberger is arguing for the first time on appeal that no settlement existed. In his opposition brief to this court, the plaintiff states that "Schlumberger admitted to a settlement and asked the trial judge to interpret said settlement as requiring the usual and customary indemnity language." The plaintiff contends that "[t]he trial judge was within its power to interpret the settlement as it did."
La.Civ.Code art. 3071 provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
In oral reasons for ruling in this matter, the trial court stated:
In this particular instance, apparently there is or has been an agreement to settle this case. The settlement, before negotiation, included a release, which is normal in the course of settlements. The settlement document with the release not being the language that is preferred by the plaintiff in this particular instance, the Court would declare that the settlement should be concluded and that the indemnity should not be more than the amount of the settlement. *672 I think that'd [sic] be the only fair thing for both of you under the circumstances.
We find this reasoning to be erroneous considering the evidence presented and the applicable law.
The Louisiana Supreme Court has explained: "In order to be enforceable under Article 3071, a compromise either must be reduced to writing and signed by the parties or their agents, or must be recited in open court and be capable of transcription from the record of the proceeding." Lavan v. Nowell, 98-284, p. 2 (La.4/24/98); 708 So.2d 1052, 1052 (footnote omitted). See also Sullivan v. Sullivan, 95-2122 (La. 4/8/960); 671 So.2d 315. Such a compromise is valid only if the parties share a meeting of the minds as to their intent. American Bank & Trust Co. v. Hannie, 568 So.2d 216 (La.App. 3 Cir. 1990), writ denied, 572 So.2d 64 (La.1991). See also Wortham v. Fielder, 30,102 (La. App. 2 Cir. 4/8/98); 711 So.2d 399, writ denied, 98-1254 (La.6/19/98); 721 So.2d 474.
The plaintiff frames the issue before the court as one of interpretation arguing that Schlumberger admitted that a settlement existed and that the interpretation of that settlement was the sole issue before the trial court. We disagree. The issue before the trial court was not one of interpretation, but, rather, codal sufficiency of any purported compromise. Turning to examination of the matter pursuant to Article 3071 and the supreme court's guidance, we determine that the requisites for enforcement of a settlement are clearly left unmet.
First, a compromise was not set forth in writing and signed by the parties or their agents. The transcript does not indicate that any evidence was produced by the plaintiff to evidence such an agreement. Neither do we consider a copy of the check purportedly written by Schlumberger to the plaintiff or letters exchanged between counsel during the settlement process. These documents, which may have been attached to memoranda to the trial court, have not been filed into the record and are before this court only as attachments to the parties' appellate briefs. Evidence attached to a brief and not made a part of the record are not properly considered on appeal. Archer v. Tudor Const. Co., 94-850 (La.App. 3 Cir. 2/15/95); 649 So.2d 1251. Even if considered, these documents do not demonstrate that the parties reached a meeting of the minds as to what each intended.
Review of the hearing transcript indicates that the parties entered into settlement negotiations and felt that they had reached a settlement. However, when it came time to set forth this agreement in writing, the plaintiff refused to accept the release language offered by Schlumberger. Argument at the hearing indicates that each party envisioned something different with regard to the release Schlumberger would obtain in exchange for the sum agreed upon, i.e., the parties never enjoyed a meeting of the minds as to their intent in entering into the settlement. Neither was any agreement recited in open court that would be capable of being transcribed from the record. Instead, argument by counsel at the hearing only points to the different understanding of the two parties as to what the settlement entailed. Thus, neither of the two clearly delineated methods described by La.Civ. Code art. 3071 and the supreme court in Lavan resulted. Entry of judgment enforcing the "settlement" was in error. Accordingly, we reverse the trial court and remand the matter for further proceedings.
Finding that enforcement pursuant to Article 3071 fails, we do not reach Schlumberger's second assignment of error.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion. All costs of this *673 appeal are assigned to the plaintiff, Seavius Mark Amy.
REVERSED AND REMANDED.