J^KOSTELKA, J.
Faye Huey (“Huey”) appeals the judgment of the Thirty Seventh Judicial District Court for the Parish of Caldwell, which compelled the settlement of her claim against State Farm Mutual Automobile Insurance Company (“State Farm”). For the following reasons, we reverse and remand.
Facts
As the result of an August 1998 automobile accident, Huey filed suit against State Farm for personal injuries and medical expenses which allegedly arose out of that accident. In connection with that litigation, State Farm tendered $8,500 to Huey. Subsequently, Huey and her counsel[1] met with a State Farm representative and State Farm’s counsel on April 19, 2000 to discuss settlement. State Farm’s representative subsequently testified that at the conclusion of the conference, all parties present agreed to a settlement wherein State Farm would pay an additional $3,570 in final settlement of Huey’s claims against State Farm. Following the conference, State Farm mailed a settlement check in that amount, along with a dismissal and release, to Huey’s counsel by letter dated April 25, 2000. However, Huey refused to cash the check or execute the settlement documents because she asserted a misunderstanding with respect to the amount of the settlement. Specifically, Huey later testified that her attorney informed her she would receive an additional $6,000 payment, but she did not understand that the $6,000 figure included money that her attorney had “held back” out of the original $8,500 “in case we had to come to Court.”
*725 | Jn written reasons for judgment, the trial court stated that Huey admitted that an additional payment of $3,570 by State Farm had been agreed upon by her, and that her misunderstanding was with her attorney who withdrew from the case subsequent to receiving the settlement check and closing documents. The trial court found that during the settlement conference there was a “meeting of the minds” in which State Farm was to pay an additional $3,570 for full release of all claims. The court concluded that although Huey may have had a subsequent misunderstanding with her former attorney, the settlement agreed upon at the April 19, 2000 meeting was enforceable by State Farm. Thus, the court granted State Farm’s Motion to Compel Settlement. This appeal by Huey followed.
Discussion
As her single assignment of error, Huey argues that the trial court erred in determining that the oral agreement reached by the parties at the April 19, 2000 meeting constituted' a “meeting of the minds” between the parties, resulting in an enforceable compromise agreement.
The provisions of Article 3071 of the Louisiana Civil Code state:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form. (Emphasis original.)
|3In Lavan v. Nowell, 98-0284 (La.04/24/98), 708 So.2d 1052, the Louisiana Supreme Court concluded that pursuant to Article 3071, “[A] compromise either must be reduced to writing and signed by the parties or their agents, or must be recited in open court and be capable of transcription from the record of the proceeding .... ” See also, Sullivan v. Sullivan, 95-2122 (La.04/08/96), 671 So.2d 315; Lizama v. Williams, 99-1040 (La.App. 5th Cir.03/22/00), 759 So.2d 865; Brasseaux v. Allstate Ins. Co., 97-0526 (La.App. 1st Cir.04/08/98), 710 So.2d 826; Faulk v. Morvant, 93-1644 (La.App.3d Cir.11/16/94), 649 So.2d 700, writ denied, 94 3082 (La.02/09/95), 650 So.2d 245.
Application of the holding in Lavan to the facts of the instant case leads inevitably to the conclusion that the verbal agreement herein was not enforceable, as that agreement was never reduced to writing and signed by the parties. In the instant case, there is no writing which serves to satisfy La. C.C. art. 3071; in fact, there is no writing of any kind. Furthermore, whatever agreement was previously reached by the parties at their April 19, 2000 meeting was never recited in open court and capable of being transcribed from the record of the proceeding. The in-court admissions of Huey at the hearing on State Farm’s motion fall short of this requirement. Therefore, we conclude that the trial court erred in holding that there existed a valid and enforceable compromise agreement between Huey and State Farm.
| Conclusion
For the reasons set forth above, the trial court’s judgment is reversed at appellee’s *726 costs, and this matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. Huey, at the time, was represented by other counsel.