# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**19-251**


**US BANK, N.A., AS TRUSTEE SUCCESSOR BY MERGER TO FIRST STAR BANK, N.A., AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2001-NCI**

**VERSUS**

**KAYLA GIVS OGLESBY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-1522-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**JONATHAN W. PERRY**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Shannon J. Gremillion, Candyce G. Perret, and Jonathan W. Perry, Judges.


**AFFIRMED.**

**Kayla Givs Oglesby**
**801 Duck Avenue**
**Eunice, Louisiana 70535**
**(337) 580-8209**
**DEFENDANT/APPELLANT:**
    **Pro Se**


**Stephen W. Rider**
**Zelma M. Frederick**
**McGlinchey Stafford, PLLC**
**601 Poydras Street, 12th Floor**
**New Orleans, Louisiana 70130**
**(504) 586-1200**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **US Bank, N.A., as Trustee Successor by Merger to First Star Bank,**
    **N.A., as Trustee for New Century Home Equity Loan Trust**


**William Oglesby**
**4120 South Indiana Avenue, Apartment 1013**
**Chicago, Illinois 60653**
**DEFENDANT/APPELLEE:**
    **Pro Se**

**PERRY, Judge.**

In this proceeding for foreclosure by executory process, Defendant, Kayla Givs Oglesby ("Kayla"), appeals the trial court's denial of her petition for injunctive relief. For the following reasons, we affirm.

**FACTS**

On April 8, 2013, Plaintiff/Appellee, U.S. Bank, N.A. as Trustee Successor by Merger to First Star Bank, N.A., as Trustee for New Century Home Equity Loan Trust, Series 2001-NC1 (hereinafter referred to as "the Bank"), filed a "Petition for Executory Process Without Benefit of Appraisal." In its petition, the Bank, the holder of a promissory note executed by Kayla on April 23, 2001, which was modified on August 9, 2010, sought to foreclose on the immovable property located at 801 Duck Avenue in Eunice, Louisiana (the property), based on failure to pay the amounts due under the note from April 1, 2011.[1]

The trial court signed an Order of Seizure and Sale on April 10, 2013, granting the Bank's petition and directing the St. Landry Parish Sheriff to sell the property at public auction. Thereafter, the property was scheduled to be sold at sheriff's sale on June 26, 2013; however, after numerous postponements, the sale of the property was rescheduled for December 5, 2018.

On November 27, 2018, Kayla, *pro se*, filed an "Injunction to Arrest the Seizure of Sheriff Sale," which is presently at issue. Citing La.Code Civ.P. art. 2751, Kayla asserted entitlement to an injunction "because the debt has been extinguished and is legally unenforceable[.]" She alleged the Bank abandoned its right to enforce

---

[1] The Bank averred in this action against the property (*in rem*), that it named William Oglesby as a defendant because on April 27, 2001, Kayla executed an Act of Donation giving him an undivided one-half interest in the property. Though it is unclear when the couple divorced, Kayla received a Chapter 7 discharge on February 25, 2008, and William Oglesby received a Chapter 7 discharge on September 20, 2011.

the Order of Seizure and Sale because the action was abandoned under La.Code Civ.P. art. 561.[2]

After a hearing on January 4, 2019, the trial court denied Kayla's petition which sought to enjoin the sale of the property. Judgment was signed on January 28, 2019. Kayla appealed and asserted she was not given a fair trial and that the trial court erred in ruling on the evidence and the law.[3] She alleges evidence she presented to the trial court which proved the Bank was not the owner of the note and did not have legal standing to foreclose on an "outdated petition" was not considered by the trial court.

## LAW AND DISCUSSION

A trial court's determination as to whether to issue a permanent injunction is subject to the manifest error standard of review. *Mary Moe, L.L.C. v. La. Bd. of Ethics*, 03-2220 (La. 4/14/04), 875 So.2d 22.

---

[2] "An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]" La.Code Civ.P. art. 561.

[3] On February 27, 2019, Kayla filed a Motion and Order for Devolutive Appeal which was granted that same day. On April 2, 2019, Kayla filed, in the trial court, an Amended Motion and Order for Devolutive Appeal, seeking to suspend a pending sheriff's sale of the property, which the trial court signed on April 3, 2019. The Bank filed a motion to strike, which this court granted. The Bank alleged Kayla was attempting to convert her devolutive appeal to a suspensive appeal. In granting the Bank's motion, this court concluded "the trial court was divested of jurisdiction at the time of [Kayla's] Amended Motion and Order for Devolutive Appeal was filed. . . . [Kayla]'s appeal of the January 28, 2019 judgment will proceed as a devolutive appeal." *US Bank v. Oglesby*, 19-251, p. 5 (La.App. 3 Cir. 5/15/19), 273 So.3d 367, 370-71.

On June 19, 2019, this court denied the Bank's motion to dismiss Kayla's devolutive appeal as untimely, citing to La.Code Civ.P. art. 3612, which provides that appeals of preliminary injunctions must be filed within fifteen days. This court held that because the trial court's judgment "does not specify whether a preliminary and/or a permanent injunction was denied[,]" the trial court's "ruling may be construed as the denial of a permanent injunction[.]" *US Bank v. Oglesby*, 19-251, p. 2 (La.App. 3 Cir. 6/19/19) (unpublished opinion). Thus, this court held "the rules governing ordinary appeals apply herein. La.Code Civ.P. arts. 2087 and 3612." *Id.*

Also on June 19, 2019, this court denied Kayla's emergency motion to dismiss a sheriff's sale scheduled for July 10, 2019, stating, "In light of [Kayla's] devolutive appeal presently pending before this court, we find [Kayla] is not entitled to the relief sought." *US Bank v. Oglesby*, 19-251, p. 2 (La.App. 3 Cir. 6/19/19) (unpublished opinion).

2

This matter presents a misunderstanding of the law. A discharge in a Chapter 7 case "discharges the debtor from all debts that arose before the date of the order for relief[.]" 11 U.S.C. § 727(b). Kayla's Chapter 7 discharge means she cannot be sued personally for collection of the debt. However, her Chapter 7 discharge does not extend to the property. 11 U.S.C. § 524(e). This suit by the Bank is an *in rem* proceeding, meaning the Bank seeks only a judgment whose enforcement is restricted to the property. We find Kayla is misguided in her belief that the law does not allow the property to be seized and sold due to discharge in bankruptcy.

We also find no merit in Kayla's contention that the Bank's petition is "outdated" or abandoned. The record reflects that since the institution of these proceedings in 2013, there have been steps taken in its prosecution and in its defense in the trial court. Kayla filed a Motion for Permanent Restraining Order and Quiet Title in 2017.[4] Thus, we find no error in the trial court's denial of Kayla's petition for injunction on the bases that the debt was extinguished or the action was abandoned.

Finally, Kayla attaches documents to her appellate brief that were not considered by the trial court as proof that the Bank was not the owner of the note and did not have legal standing to foreclose. Our review of the hearing transcript reveals Kayla sought to introduce reports from purported handwriting experts. She alleges these reports prove the Bank filed fraudulent mortgage assignments. The reports, however, were clearly neither accepted nor proffered into evidence and, therefore, are not properly before this court for consideration. Documents attached to an appellate brief which have not been made a part of the record are not properly

---

[4] While it appears the trial court considered Kayla's motion, the record does not contain a judgment on the motion.

considered on appeal. *Amy v. Schlumberger Tech. Corp.*, 00-175 (La.App. 3 Cir. 6/14/00), 771 So.2d 669.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to Defendant/Appellant, Kayla Givs Oglesby.

**AFFIRMED.**