CHEHARDY, Judge.
Debra Hervish, doing business as La Difference, appeals from a judgment granting an exception of lack of personal jurisdiction and dismissing defendant Growables, Inc., from her suit against it. (The other defendant, Ryder Truck Lines, Inc., took no part in the jurisdictional dispute and is not before us on this appeal.) The question to be resolved in this case is whether the State of Louisiana can exercise long-arm jurisdiction over a Florida furniture manufacturer that delivered its goods, through a third-party shipper, to a Louisiana resident.
The relevant facts are as follows:
Growables, Inc., is a corporation domiciled in St. Petersburg, Florida. In July 1982, Debra Hervish was a resident of Florida; she obtained a brochure about Growables’ line of children’s furniture from her mother and decided to purchase some. She went to Growables’ office, in person, to place an order for 14 pieces of furniture. While at Growables’ office, she deposited $2,000 toward the total purchase price of $2,662. At that time she advised defendant she soon would be moving to Louisiana, and would give defendant her new address when she obtained it, so the furniture could be shipped to her there.
In early August 1982, Mrs. Hervish moved to Kenner, Louisiana, and informed Growables of her new address. Thereafter, she contacted Growables three or four times to find out why shipment of the furniture had been delayed beyond the eight weeks estimated by Growables.
On or about November 2, 1982 the furniture was delivered to Mrs. Hervish by Ryder Truck Lines. At the time of delivery, she paid to the Ryder driver the balance of the purchase price, plus the shipping charges, a total of $876.90. Upon opening the cardboard cartons in which the furniture had been shipped, Mrs. Hervish discovered that every piece of furniture was damaged. After making futile demands for recovery from Ryder and Growables, she filed this suit.
The Louisiana “long-arm” statute, R.S. 13:3201, provides, in pertinent part,
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s:
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state ⅜ *
*686 This statute was intended by the Legislature to extend the personal jurisdiction of Louisiana courts over nonresidents to the full limits of due process under the Fourteenth Amendment. Drilling Eng., Inc. v. Independent Indon. Amer. Pet. Co., 283 So.2d 687 (La.1973); Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La. 1977).
“The finding of jurisdiction over nonresidents involves an evaluation of the factual circumstances of the case in light of federal constitutional principles. In order for the proper exercise of jurisdiction in personam over a non-resident there must be sufficient minimum contacts between the non-resident defendant and the forum state to satisfy due process and 'traditional notions of fair play and substantial justice’ as required by Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Whether or not a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances peculiar to each case. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La.1973).” Soileau v. Evangeline Farmer’s Co-Op, 386 So.2d 179, 182 (La.App. 3 Cir.1980).
See also, U.S. Fidelity v. Hi-Tower Concrete Pumping, 434 So.2d 506 (La.App. 2 Cir.1983).
In Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-1240, 2 L.Ed.2d 1283 (1958), the United States Supreme Court, further defining “minimum contacts”, stated,
“ * * * The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant’s activity, but it is essential in each ease that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. [Citation omitted.]” 357 U.S. at 253, 78 S.Ct. at 1239, 1240.
In World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court elaborated on this definition as follows:
“When a corporation ‘purposefully avails itself of the privilege of conducting activities within the forum State,’ Hanson v. Denckla, 357 U.S., at 253, 78 S.Ct., at 1240, it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State. ⅝ * * ” 444 U.S. at 297, 100 S.Ct. at 567.
These standards were recently applied in U.S. Fidelity v. Hi-Tower Concrete Pumping, supra, in which our Second Circuit stated,
“Thus, it appears that knowledge alone or foreseeability that a chattel will come to rest in a particular state is insufficient to subject a defendant to jurisdiction unless the facts and circumstances lead to a conclusion that the defendant purposefully availed itself of the privilege of conducting activities within the forum state in such a manner that the defendant has clear notice that it would be subject to suit there. * * * ” 434 So.2d at 511.
Applying these standards to the case before us, we must examine the contacts between Growables, Inc., and Louisiana to determine whether the relationship is sufficient to satisfy due process requirements. At the time Mrs. Hervish ordered the furniture, she was a Florida resident; she obtained the brochure advertising the furniture in Florida; she went personally to the Growables office in Florida to place the order. The only incidents that took place in Louisiana are Mrs. Hervish’s calls to Growables to question the delay in ship *687 ment, the delivery — through a third-party trucker — of the furniture into this state, and Mrs. Hervish’s payment of the balance of the purchase price to the truck driver upon delivery.
There is no evidence that Growables transacts any business in Louisiana, that its representatives or agents travel to Louisiana for business purposes, or that it advertises or otherwise solicits business in Louisiana or from Louisiana residents, either directly or by mail. There is no evidence that Growables derives any substantial revenue from business in Louisiana, or “engages in any persistent course of conduct” in this state.
In fact, the only classification Growables will fit into under R.S. 13:3201 is subpara-graph (b), “contracting to supply services or things in this state.” We can, however, find no other case in which a Louisiana court has found an isolated incident of delivery, without other affiliating circumstances, sufficient to apply long-arm jurisdiction to a foreign defendant. This single transaction would not justify our concluding the defendant purposefully availed itself of the privilege of conducting activities within Louisiana in such a manner that the defendant had clear notice it would be subject to suit here. See Hanson v. Denckla, supra; U.S. Fidelity v. Hi-Tower Concrete Pumping, supra.
For example, in the U.S. Fidelity v. Hi-Tower Pumping case mentioned above, the court held that the isolated sale of one piece of used equipment by a Florida corporation not in the business of manufacturing, selling or supplying such equipment or other goods and services in Louisiana was not a sufficient minimum contact to obtain in personam jurisdiction over the Florida corporation.
In Green v. Luxury Auto Rentals, Ltd., 422 So.2d 1365 (La.App. 1 Cir.1982), the court ruled that a Georgia automobile leasing company that leased an automobile to a Louisiana resident for use in Louisiana and sent a representative to Louisiana to pick up the automobile upon termination of the lease did not have sufficient minimum contacts with this state to be subject to personal jurisdiction here.
In Latham v. Ryan, 373 So.2d 242 (La. App. 3 Cir.1979), the court held that Louisiana courts did not have personal jurisdiction over nonresident defendants sued for compensation allegedly due under an oral employment agreement, where the defendants had never appeared in Louisiana either personally or through an agent, even though the plaintiff was initially contacted by telephone in Louisiana.
Similarly, in Charia v. Cigarette Racing Team, Inc., 583 F.2d 184 (5 Cir.1978), the United States Fifth Circuit held there were insufficient minimum contacts to justify the exercise by the federal district court in Louisiana of personal jurisdiction over a Florida boatbuilder under the Louisiana long-arm statute in a suit by a boat purchaser for redhibition, where the only such contacts were the sale of the boat to the Louisiana resident, telephone negotiations, receipt of the purchaser’s check drawn on a Louisiana bank, sale by the defendant of boats to three other Louisiana residents, and the delivery of the boat to the plaintiff purchaser in Louisiana via common carrier, f.o.b. Florida. See also, Benjamin v. Western Boat Building Corporation, 472 F.2d 723 (5 Cir.1973).
Accordingly, we conclude the district court properly sustained the exception of lack of personal jurisdiction over Growa-bles.
For the foregoing reasons, the judgment of the district court sustaining the exception of lack of personal jurisdiction over Growables, Inc., is affirmed. Costs of this appeal are assessed against appellant.
AFFIRMED.