ALFORD, Judge.
Plaintiff/Appellant, George Carter, appeals a judgment sustaining a declinatory exception of lack of in personam jurisdiction filed by defendant, Frank Estes d/b/a Deutch Auto Importohre. In his petition, Plaintiff/ Appellant alleges the following facts: the defendant resides and maintains his principal place of business in Houston Texas; in August of 1988, the defendant advertised in the Houston Chronicle newspaper to sell a 1983 Mercedes automobile; plaintiff contacted defendant pursuant to the advertisement; a price of $22,800.00 was agreed upon by the parties for the sale of the automobile, and, plaintiff paid defendant $800.00 as a “deposit” on August 11, 1988; on August 12, 1988, defendant transported the vehicle to Baton Rouge, Louisiana, where plaintiff paid the balance of the sale price by cashier’s check; defendant represented that plaintiff would receive the title to the automobile within ten days; the title was never received; and, defendant knew that the title to the vehicle had been lost and that the documents needed by the state of Texas to issue title had been destroyed.
In the declinatory exception filed by defendant, it is asserted that the defendant “has never been licensed to do business in this State, has never done business or conducted business activity therein [sic], and has no officers, employees, or agents in Louisiana on whom process may be validly served.” On the trial of the declinatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition, the citation, or return thereon. La.C.C.P. art. 930. The record does not reflect that any evidence was adduced at the hearing on the exception.
The resolution of the exception of lack of personal jurisdiction turns on the issue of whether the Louisiana court’s assertion of personal jurisdiction over the defendant comports with constitutional due process requirements. Superior Supply Co. v. Associated Pipe and Supply Co., 515 So.2d 790 (La.1987). In Fryar v. Westside Habilitation Center, 479 So.2d 883 (La.1985), our Supreme Court noted the requirements for due process:
The basic due process requirement for jurisdiction over a person is minimum contacts with the forum state. International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). An individual is not subject to the jurisdiction of a forum with which he has established no “contacts, ties or relations” International Shoe Company v. Washington, 326 U.S. at 319, 66 S.Ct. at 160, 90 L.Ed. at 104. The contacts with the forum state cannot be “isolated”, “fortuitous”, or “attenuated”. There must be a substantial connection between the defendant’s activities and the forum state, but physical entry into the forum state is not essential. Burger King Corp. v. Rudzewicz, 471 U.S. [462], 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)....
*829 A person must have fair warning that an activity may subject him to foreign jurisdiction. Burger King, supra. This allows a potential defendant some assurance as to where he will be liable to suit. World-Wide Volkswagen Corporation v. Woodson, supra [444 U.S. 286 at 295, 100 S.Ct. 559 at 566, 62 L.Ed.2d 490 at 500 (1980)]; Burger King, supra. The requirement of fair warning is satisfied when a defendant has purposefully directed his activities at a resident of the forum, and the litigation results from foreseeable injuries arising out of or relating to those activities. International Shoe, supra; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Burger King, supra.
[[Image here]]
When minimum contacts are present, they must be balanced with other factors to determine whether personal jurisdiction affords substantial justice, is reasonable and compatible with fair play. International Shoe Company v. Washington, supra; Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); World-Wide Volkswagen Corporation v. Woodson, supra; Burger King, supra; Restatement (2d) of Conflict of Laws §§ 36, 37 (1971). Factors to be evaluated include the burden on the defendant, the forum state’s interest, the plaintiffs interest, the system’s interest in obtaining the most efficient resolution of controversies, and the furtherance of fundamental substantive social policies. World-Wide Volkswagen Corp. v. Woodson, supra; Burger King, supra. [Footnotes omitted.]
We are unable to find sufficient minimum contacts which render defendant subject to the jurisdiction of this state, or that, this assertion of jurisdiction comports with constitutional standards of “fair play and substantial justice” based on the record presented. See Burger King, 471 U.S. at 476, 105 S.Ct. at 2184. In the case sub judice, the record reflects no purposeful direction of activities on the part of defendant to Louisiana residents. Plaintiff sought out the defendant in Texas to purchase the vehicle. Defendant merely delivered the vehicle and accepted payment in Louisiana. The performance of these acts alone is not sufficient to subject the seller to jurisdiction in Louisiana, absent any other ties to this jurisdiction. See Green v. Luxury Auto Rentals, Ltd., 422 So.2d 1365 (La.App. 1st Cir.1982). See also Growden v. Ed Bowlin and Associates, Inc., 733 F.2d 1149 (5th Cir.1984); Severn South Partnership v. Kearney, 465 So.2d 87 (La.App. 5th Cir.1985); Hervish v. Growables, Inc., 449 So.2d 684 (La.App. 5th Cir.1984); United States Fidelity & Guaranty Co. v. Hi-Tower Concrete Pumping Service, Inc., 434 So.2d 506 (La.App. 2d Cir.1983).
Accordingly, the judgment of the trial court sustaining defendant’s declinatory exception must be affirmed. All costs of this appeal are to be borne by plaintiff/appellant herein.
AFFIRMED.