# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-243


SUSAN MICHELLE CANON

VERSUS

HARRY B. TOWNS, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2011-3610
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


Michael Steven Beverung
Book & Beverung
4999 Common Street - Suite A
Lake Charles, LA 70607-6600
Telephone: (337) 478-8706
COUNSEL FOR:
    Defendants/Appellees - Raeford and Jennifer Millis

Kenneth Lee Riche'
Riche' Law Firm
P. O. Box 66656
Baton Rouge, LA 70896-665
Telephone: (225) 924-6300
COUNSEL FOR:
    Defendants/Appellees - Florida Wildlife & FisheriesConservation and Jeff Luce

**Cecil R. Sanner**
**District Attorney – 38th Judicial District Court**
**P. O. Box 280**
**Cameron, LA 70631**
**Telephone: (337) 775-5713**
**COUNSEL FOR:**
    **Defendant/Appellee - Harry B. Towns**

**Shannon Skelton Holtzman**
**Liskow & Lewis**
**701 Poydras Street - Suite 5000**
**New Orleans, LA 70139-5099**
**Telephone: (504) 581-7979**
**COUNSEL FOR:**
    **Defendant/Appellee - BP Exploration & Production**

**Emily Wagner**
**934 Garden Drive**
**Westlake, LA 70669**
**Telephone: (337) 661-9877**
**COUNSEL FOR:**
    **Plaintiff/Appellant - Susan Michelle Canon**

**THIBODEAUX, Chief Judge.**

The Louisiana buyer of a shrimp boat, Susan Michelle Canon, brought suit in Calcasieu Parish, Louisiana, against the North Carolina sellers, Raeford and Jennifer Millis, when the boat caught fire in Florida while in route from North Carolina to Louisiana. The sellers filed an exception of lack of personal jurisdiction. The trial court entered judgment in the sellers' favor and dismissed them from Canon's suit. Ms. Canon appealed. For the following reasons, we affirm the judgment of the trial court.

I.

## ISSUES

We must decide whether the trial court erred in granting the defendants' exception of lack of personal jurisdiction.

II.

## FACTS AND PROCEDURAL HISTORY

In July of 2010, the defendants, Raeford and Jennifer Millis (the Millises), placed an advertisement on the website, www.NoBoatBrokers.com, listing their shrimp boat for sale for $35,000.00. Ms. Canon, a Louisiana resident who wanted to start a shrimping business, saw the listing and called the Millises at their North Carolina phone number shown in the listing. For the next two days, the parties negotiated by phone and by e-mail. On the third day, Jennifer Millis called Ms. Canon in Louisiana, and the parties reached an agreement that the price of the boat would be $31,000.00. Ms. Canon wired a check from her Louisiana bank to the Millises in North Carolina. Ms. Canon then went to North Carolina to execute the bill of sale and to take possession of the boat there.

Ms. Canon returned to Louisiana and left the boat in the care of her Louisiana boat captain, Harry B. Towns, and one other crew member, to pilot the boat

out of Sneads Ferry, North Carolina, and to deliver it to Cameron, Louisiana. While in route, the boat ran aground several times, caught fire in Florida, and was destroyed before proper insurance could be obtained.

Ms. Canon brought suit in Calcasieu Parish. She sued her captain asserting that he was incompetent, derelict in his duties, inebriated, and abusive with her credit card; she further alleged that he impermissibly entered the Indian River and that he transported a drifter, possibly for a fee, without her permission. Ms. Canon also sued BP for the oil spill, alleging that the spill prevented her from acquiring reasonably-priced insurance to cover the boat on its voyage to Louisiana. She also sued the Florida Fish and Wildlife Conservation Commission and its agents for failing to timely put out the fire and for failing to assess whether the captain and crew member were under the influence of alcohol when the boat caught on fire.

Ms. Canon sued the Millises for defects in the boat, including the motor, which caught fire, and a malfunctioning depth finder, which was twice replaced during the voyage. She further alleged that the Millises misrepresented the length of the boat and provided the wrong certificate for the procurement of insurance. The only judgment before us is the trial court's judgment granting the Millises' exception of lack of personal jurisdiction, which we must affirm.

III.

**STANDARD OF REVIEW**

"An appellate court conducts a *de novo* review of the legal issue of personal jurisdiction over a nonresident by a Louisiana court. However, the trial court's factual findings underlying the decision are reviewed under the manifest-error standard of review." *Dumachest v. Allen*, 06-1614, p. 3 (La.App. 3 Cir. 5/23/07), 957 So.2d 374, 377, *writ denied*, 07-1306 (La. 10/05/07), 964 So.2d 939 (quoting *Peters v. Alpharetta Spa, L.L.C.*, 04-979, pp. 3-4 (La.App. 1 Cir. 5/6/05), 915 So.2d 908, 910.

2

IV.

## LAW AND DISCUSSION

Ms. Canon contends that the trial court erred in granting the Millises of North Carolina an exception of lack of personal jurisdiction, thereby dismissing Ms. Canon's Louisiana suit against them. Canon admits that she initiated the first call to the Millises about the website listing of the boat, but she contends that the Millises initiated later phone calls and participated in e-mails in negotiating the ultimate sale of the boat to a Louisiana resident. Ms. Canon further asserts that Louisiana has an interest in litigating this matter because the State now bears the economic burden of assisting her with medical treatment for her cancer and other health conditions due to the loss of income she hoped to derive from the potential shrimping business.

The Millises counter that they did not have sufficient contacts with Louisiana to be drawn into court here. They argue that they live in North Carolina; they do not do business in Louisiana; they do not have a registered office in Louisiana; they listed their boat on an internet website that was accessible from anywhere in the world and was not directed to Louisiana residents or residents of this region. The Millises further assert that, in addition to the initial contact having been made by Ms. Canon, Ms. Canon mailed the sale proceeds to a North Carolina bank; Ms. Canon went to North Carolina to execute the bill of sale before a North Carolina notary; and, Ms. Canon took possession of the boat in North Carolina and left it with her Louisiana captain, Harry Towns, to deliver to Louisiana.

Louisiana's long-arm statute, La.R.S. 13:3201,[1] authorizes the exercise of personal jurisdiction by a Louisiana court to the limits allowed by constitutional due

---

[1]§ 3201. Personal jurisdiction over nonresidents

    A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

    (1) Transacting any business in this state.

process. *Superior Supply Co. v. Associated Pipe and Supply Co.*, 515 So.2d 790 (La. 1987). Thus, our only inquiry into jurisdiction over the person of a nonresident is whether the requirements of constitutional due process have been met. *Id.* Due process requires that a nonresident have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, etc.*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). This protects the nonresident's liberty interest in not being bound by the judgments of states with which it has established no *meaningful* "contacts, ties or relations." *Id.*; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2181 (1985).

> By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), [due

---

(2) Contracting to supply services or things in this state.

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(5) Having an interest in, using or possessing a real right on immovable property in this state.

(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La.R.S. 13:3201.

process] "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit[.]" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

*Burger King*, 471 U.S. at 472.

> The Constitutional limitations on the exercise of personal jurisdiction differ depending upon whether a court seeks to exercise general or specific jurisdiction over a non-resident defendant. *Mellon*[*Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217], 1221. General jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant for non-forum related activities when the defendant has engaged in "systematic and continuous" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404 (1984). In the absence of general jurisdiction, specific jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant for forum-related activities where the "relationship between the defendant and the forum falls within the 'minimum contacts' framework" of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny. *Mellon*, 960 F.2d at 1221.

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1122 (W.D.Pa., 1997).

Here, the facts demonstrate that the Millises' contacts with Louisiana were not continuous and systematic and, therefore, do not support an assertion of general jurisdiction. The plaintiff, Ms. Canon, contends that there were sufficient minimum contacts to support an assertion of specific jurisdiction. We disagree.

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of *meaningful* contacts is satisfied if the defendant has *purposefully directed* his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. By requiring that a defendant must have *purposefully availed himself* of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, the requirement ensures that he will not be haled into a jurisdiction solely as a result of a *random, fortuitous or*

5

> *attenuated* contact, or by the unilateral activity of another party or a third person. Thus, where the defendant deliberately engaged in *significant* activities within a state, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum as well.

*de Reyes v. Marine Mgmt. and Consulting, Ltd.*, 586 So.2d 103, 106 (La.1991) (citations omitted) (emphasis added).

We do not find that the Millises purposely directed their activities toward residents of Louisiana or that they engaged in significant activities here. The website where they listed their boat was not the Millises' website, and it did not target Louisiana residents. It was accessible to everyone. The Millises themselves had to fill out a form to have their boat listed on the website. Part of the information they supplied, along with the description of the shrimp boat, was their phone number. Ms. Canon found the website and the listing, and she called the Millises. Everything connected to the sale occurred in North Carolina. The Millises did not even deliver the boat to Louisiana. Rather, Ms. Canon went to North Carolina and took possession of the boat there.

In *Williams v. Frank Parra Auto Plex, Inc.*, 05-737 (La.App. 3 Cir. 3/22/06), 929 So.2d 755, we found that contacts through the internet websites of a Texas automobile dealer and a Texas automobile customizer/installer were not sufficient to establish the minimum contacts with Louisiana that are required to support personal jurisdiction over the Texas companies. There, a Texas family was involved in a tragic crash in Louisiana, and one of the children died as a result of the overhead TV console striking her in the head. The seller of the car and the installer of the TV console were both Texas companies. The seller did not sell vehicles in Louisiana, was not authorized to conduct business in Louisiana, and did not directly

or indirectly solicit customers from Louisiana. Even though the seller's salesmen conducted live chats through its web store, we found insufficient contacts to support personal jurisdiction over the seller.

Likewise, where the TV console installer merely had a website with a toll-free number but was not licensed to do business in Louisiana; did not target advertising to Louisiana residents; and, did not perform installations for Louisiana dealerships, we also found insufficient contacts to exercise jurisdiction over the Texas installer.

> In cases involving contracts, the exercise of jurisdiction requires an evaluation of the following factors surrounding the contract and its formation: (1) prior negotiations between the parties; (2) contemplated future consequences of the contract; (3) the terms of the contract; and (4) the parties' actual course of dealing. See *Burger King*, 471 U.S. at 477-79, 105 S.Ct. at 2184-2186. An individual's contract with an out-of-state party alone cannot establish minimum contacts in the home forum. *Id*.

*A & L Energy, Inc. v. Pegasus Group*, 00-3255, p. 7 (La. 6/29/01), 791 So.2d 1266, 1272, *cert denied*, 534 U.S. 1022, 122 S.Ct. 550 (2001).

Here, the only contract was the bill of sale on the shrimp boat, and the negotiations took place by phone and e-mail over the course of a few days. No previous contracts existed between Ms. Canon and the Millises and no future contracts were anticipated. While a single or occasional act can sometimes support personal jurisdiction, we find that the single sale in North Carolina did not create a substantial connection with Louisiana. This is because the "nature and quality and the circumstances" of the isolated sale created only an "attenuated" affiliation with Louisiana, substantially diminishing the reasonable foreseeability of litigation here. *See Burger King*, 471 U.S. at 476, n.18 (citations omitted).

In many cases involving a single sales contract on a resident's purchase of a movable item from an out-of-state seller, Louisiana state and federal courts have

found insufficient contacts by the seller to impose Louisiana personal jurisdiction on the seller.

In *Charia v. Cigarette Racing Team, Inc*., 583 F.2d 184 (5th Cir. 1978), the federal appellate court found insufficient minimum contacts to justify the court's jurisdiction over a Florida boat builder when a Louisiana boat purchaser sued for redhibition. There, as here, the contacts consisted of the sale of the boat to the Louisiana resident, telephone negotiations, and the receipt of the purchaser's check drawn on a Louisiana bank. In *Charia*, jurisdiction was not exercised even though there were boat sales to three other Louisiana residents, the boat was delivered to Louisiana by a common carrier, and there were allegations of personal injury from a defective racing seat in the boat. Here, there were even fewer meaningful contacts by the seller, where the buyer, Ms. Canon, went to North Carolina to execute the sale *and* to take delivery of the boat there. Additionally, Ms. Canon does not allege personal injuries arising from a defect in the boat. She was not on the boat when it caught fire in Florida.

In *J. Wilton Jones Co., Inc. v. Touche Ross and Co*., 556 So.2d 67 (La.App. 4 Cir. 1989), the court declined to exercise jurisdiction over a nonresident distributor of computer software which had made two sales in Louisiana, where the distributor was a Georgia corporation with its principal business office in Georgia, and the distributor did not have a business office, agent for service of process, or any employees or representatives in Louisiana. Nor did the distributor own property or have any assets in Louisiana; it never sent any salesmen, servicemen, or representatives to Louisiana for business purposes, and there was no evidence that it ever advertised in local Louisiana media. There, though the distributor had advertised in a national magazine, Louisiana's Fourth Circuit Court of Appeal found that its sales were not made in a systematic or regular course of conduct within Louisiana, but were sporadic and attenuated.

8

In *Carter v. Estes*, 554 So.2d 827 (La.App. 1 Cir. 1989), the first circuit found that the action of a nonresident seller of an automobile, in merely delivering the vehicle and accepting payment in Louisiana, after the Louisiana buyer sought the seller out in Texas, was not sufficient to subject the seller to jurisdiction in Louisiana absent any other ties to this jurisdiction.

Likewise, the conclusion has been similar when a Louisiana resident sells to an out-of-state buyer. In *Louisiana Plastic Converting Corp. v. Plexchem Intern., Inc.*, 26,943 (La.App. 2 Cir. 5/10/95), 655 So.2d 630, the court found insufficient minimum contacts between a New York/Texas buyer and a Louisiana seller of goods to sustain personal jurisdiction over the buyer in the seller's suit on account. The out-of-state buyer had no place of business in this state, was not a Louisiana corporation, did not have agents or employees in this state, and did not have moveable or immoveable property in Louisiana. Further, no one traveled to Louisiana to negotiate the subject sale, and there was no continuing business relationship between the out-of-state buyer and the Louisiana seller.

Under the two-part test that has evolved in determining the issues of both general and specific jurisdiction,

> [T]he burden of showing minimum contacts lies with the party claiming jurisdiction to be proper. Once this burden is met, a presumption of reasonableness of jurisdiction arises. The burden then shifts to the opposing party to prove [that] the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum.

*de Reyes*, 586 So.2d at 107 (referencing Wright and Miller, *Federal Practice and Procedure* § 1067, pp. 301-2).

Based upon the foregoing, we do not find that the plaintiff, Ms. Canon, has met her burden of establishing the minimum contacts necessary to impose jurisdiction on the Millises who merely listed their boat on a website accessible to

9

everyone.  Therefore, there is no presumption of reasonableness of jurisdiction under *de Reyes* and no shift of the burden to the defendants to prove that jurisdiction is unreasonable in light of traditional notions of fair play and substantial justice.

While we sincerely sympathize with Ms. Canon's circumstances of poor health and an inability to rebuild her shrimping business due to the fire that destroyed her boat in Florida, her medical dependence upon the state of Louisiana, for conditions that have nothing to do with the boat, cannot form the basis for a Louisiana court to exercise jurisdiction over these North Carolina sellers, the Millises.

V.

## CONCLUSION

The Louisiana trial court in this case stated that the law favored the position of the North Carolina sellers, the Millises, and the court issued a judgment dismissing them from Ms. Canon's suit in Louisiana.  Based upon our de novo review, we find no error in the trial court's judgment granting the Millises' exception of lack of personal jurisdiction.  The costs of this appeal are assessed against the plaintiff, Susan Michelle Canon.

**AFFIRMED.**