# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30346
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2018

Lyle W. Cayce
Clerk

ESSIE LEMIEUX, widow of Raymond J. Lemieux, Sr.; RAYMOND J.
LEMIEUX, JR., surviving child of Raymond J. Lemieux, Sr.; DEHON
LEMIEUX CALLIER, surviving child of Raymond J. Lemieux, Sr.,

      Plaintiffs–Appellants,

v.

AMERICAN OPTICAL CORPORATION,

      Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-16508

Before REAVLEY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Plaintiffs–Appellants Essie Lemieux, Raymond J. Lemieux, Jr., and
Dehon Lemieux Callier appeal the district court's dismissal of their claims
against Defendant–Appellee American Optical Corporation ("American
Optical"). For the reasons set forth below, we AFFIRM.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-30346

## I. BACKGROUND[1]

Plaintiffs are the widow and surviving children of Raymond J. Lemieux, Sr. ("Raymond Sr."). From 1956 to 1970, Raymond Sr. worked for the Johns-Manville Corporation in Marrero, Louisiana. During his employment, Raymond Sr. wore a respirator designed by American Optical and was exposed to asbestos. As a result of this exposure, Raymond Sr. developed asbestos-related lung cancer, which eventually caused his death in 2015.

Prior to his death, Raymond Sr. filed suit against American Optical stemming from his use of American Optical's respirator. Represented by his attorney, Raymond Sr. entered into settlement negotiations with American Optical. Plaintiffs were unaware of these discussions, but as a condition of Raymond Sr.'s settlement with American Optical, they were eventually asked to sign a release of any potential future claims they might have. A settlement agreement containing the release of these claims was executed by Raymond Sr., Plaintiffs, and American Optical on February 10, 2011 (the "Settlement Agreement").[2] The release stated that Raymond Sr. and Plaintiffs:

> [D]o hereby relieve, release and forever discharge American Optical Corporation . . . of and from any and all claims, demands, actions, causes of action, losses, damages or suits whatsoever, regardless of the kind or nature thereof, including claims for wrongful death damages that may arise in the future, upon the

---

[1] The facts of this case are largely taken from Plaintiffs' complaint. Because this case was resolved on a motion to dismiss, we accept them as true for purposes of this opinion. *See Hernandez v. Mesa*, 137 S. Ct. 2003, 2005 (2017).

[2] Generally, courts only consider the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(d). However, documents attached "to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). As a central component of their nullity claim, Plaintiffs reference the Settlement Agreement in their complaint. In addition, American Optical attached the Settlement Agreement to its motion to dismiss. Accordingly, the Settlement Agreement is part of the pleadings and may be considered in determining whether Plaintiffs have stated a claim. *See Collins*, 224 F.3d at 499.

2

death of [Raymond Sr.], . . . arising out of, caused by or in any way associated with (1) any product manufactured, sold or distributed by [American Optical] . . . ; (2) any alleged defect in design or manufacture of any such product; (3) any alleged representation, misrepresentation or failure to warn on the part of [American Optical] pertaining in any way to any such product; and (4) [Raymond Sr.'s] inhalation of or exposure to asbestos, silica or other harmful substances, at any time.

The Settlement Agreement also specified that:

[Plaintiffs] Essie Lemieux, Dehon Caillier and Raymond Lemieux, Jr. . . . specifically appear to relieve, release and discharge [American Optical] of and from any and all wrongful death claims or causes of action and damages . . . that they may have in the future upon the death of . . . [Raymond Sr.] against [American Optical] . . . arising out of or in any way associated with the acts or omissions, diseases or conditions, covered by this release and described herein. [Plaintiffs] acknowledge that they have received good and valuable consideration for their release of their possible future wrongful death claims as stated herein. [Plaintiffs] further acknowledge that, by their execution of this agreement, they shall have no right to sue or bring any action of any kind against [American Optical] arising out of or based upon the death of [Raymond Sr.] or arising out of or in any way associated with the acts or omissions, diseases or conditions covered by this release.

Each of the Plaintiffs individually initialed each page of the Settlement Agreement and signed sworn, notarized acknowledgements that "[he/she] executed [the Settlement Agreement] as [his/her] own free act and deed . . . after having read [the Settlement Agreement] in full, or having had [the Settlement Agreement] read to [him/her] in full, and having discussed the terms thereof with [his/her] attorney."

Nearly one year after Raymond Sr.'s death and over five years after executing the Settlement Agreement, Plaintiffs filed suit against American Optical in the United States District Court for the Eastern District of

No. 17-30346

Louisiana.[3] They alleged that the respirator used by Raymond Sr. was: (1) defectively designed and manufactured, and (2) deceptively marketed and sold in violation of Louisiana and federal law. Plaintiffs sought attorney's fees and damages for funeral and burial expenses, loss of consortium, loss of love and affection, loss of support, loss of services, and mental pain and suffering. In bringing their claims, Plaintiffs raised the unenforceability of the Settlement Agreement asserting that it was null and void under Louisiana law and sought a declaration holding as much.

American Optical filed a Rule 12(b)(6) motion to dismiss Plaintiffs' claims on the basis that (1) the Settlement Agreement plainly barred the claims, (2) Plaintiffs' claim that the Settlement Agreement is relatively null was time-barred because more than five years have passed since it was executed, and (3) even if Plaintiffs could challenge the Settlement Agreement, Plaintiffs' complaint failed to allege sufficient facts to set forth any plausible claim of relative nullity. The district court agreed and granted American Optical's motion. The district court held that Plaintiffs' claim that the Settlement Agreement is relatively null is barred by Louisiana's five-year prescription period for such claims. *See* La. Civ. Code. Ann. art. 2032. Even if the claim was not barred, the court alternatively held that Plaintiffs' consent

---

[3] Plaintiffs invoked both diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs are citizens of Louisiana and seek over $75,000 in damages. Plaintiffs allege that American Optical is a foreign corporation. The record, however, does not indicate what state American Optical is incorporated in or where its principal place of business is. In any event, the district court had federal question jurisdiction over the suit stemming from Plaintiffs' federal false advertising claim. Plaintiffs' related state law claims stemming from Raymond Sr.'s alleged use of American Optical's respirator are encompassed by the district court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" (citation omitted)). Thus, we are satisfied that the district court had subject matter jurisdiction over Plaintiff's suit.

to the Settlement Agreement was not vitiated by error, fraud, or duress. Thus, the district court dismissed Plaintiffs' claims against American Optical with prejudice. Plaintiffs timely appealed.[4]

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal for a "failure to state a claim upon which relief can be granted." We review de novo a district court's dismissal pursuant to Rule 12(b)(6). *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007). In doing so, we accept "all well-pleaded facts as true, viewing in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). To survive a Rule 12(b)(6) motion, a party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### B.   Louisiana's Five-Year Prescription Period

Under Louisiana law, a suit seeking "annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud." La. Civ. Code. Ann. art. 2032. Prescription statutes "are strictly construed against prescription and in favor of the obligation

---

[4] This Court initially entered an order dismissing Plaintiffs' appeal for lack of appellate jurisdiction because the district court had not entered a certification required by Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b). We subsequently granted Plaintiffs' motion for reconsideration. Thus, this appeal is now properly before this Court.

sought to be extinguished." *Carter v. Haygood*, 892 So. 2d 1261, 1268 (La. 2005). However, "[t]o soften the occasional harshness of prescriptive statutes," Louisiana courts recognize "a jurisprudential exception to prescription: *contra non valentem non currit praescriptio,* which means that prescription does not run against a person who could not bring his suit." *Id.*; *see also Corsey v. State, Through Dep't of Corr.*, 375 So. 2d 1319, 1321 (La. 1979) ("[P]rescription does not run against a party who is unable to act."). We have observed that Louisiana courts "strictly construe" the *contra non valentem* doctrine and have "generally given [it] a narrow interpretation." *Crane v. Childers*, 655 F. App'x 203, 204–05 (5th Cir. 2016) (unpublished) (citations omitted); *see also Doe v. Ainsworth*, 540 So. 2d 425, 426 (La. Ct. App. 1989) (noting that the doctrine is "rarely accepted").

The *contra non valentem* doctrine is recognized "where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant." *Carter*, 892 So. 2d at 1268 (citing *Palquemines Parish Comm'n Council v. Delta Dev. Co., Inc.*, 502 So. 2d 1034, 1054–55 (La. 1987)). Under this exception, "prescription commences on the date the injured party discovers *or should have discovered* facts upon which his cause of action is based." *Sepulvado v. Procell*, 99 So. 3d 1129, 1135 (La. Ct. App. 2012). However, "[t]his principle will not except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." *Corsey*, 375 So. 2d at 1322. Ultimately, in determining when prescription commences under this exception, courts are to focus on the reasonableness of plaintiff's action or inaction. *Sepulvado*, 99 So. 3d at 1135 (citation omitted); *see also Beth Israel v. Barley, Inc.*, 579 So. 2d 1066, 1073 (La. Ct. App. 1991).

## C.    Plaintiffs' Nullity Claim Is Prescribed

As to the Settlement Agreement, Plaintiffs only allege relative nullity and do not dispute that absent the Settlement Agreement being declared null, their claims against American Optical would otherwise be barred by its plain terms. Plaintiffs, however, contend that the district court erroneously granted Defendant's motion to dismiss on grounds of prescription because it failed to accept as true their allegations that they failed to discover their nullity cause of action due to misrepresentation and fraud. Specifically, Plaintiffs alleged that they failed to discover their cause of action because: (1) Raymond Sr.'s attorney falsely advised Plaintiffs that they were required to sign the release solely to assist Raymond Sr. with receiving a settlement and Plaintiffs relied on that advice; (2) American Optical misrepresented in the release that Raymond Sr.'s attorney was acting as Plaintiffs' attorney; and (3) Raymond Sr.'s lawyer remained silent regarding his ethical duty to disclose his conflict of interest and advise Plaintiffs that they ought to retain their own counsel. Thus, as a result of these actions, according to Plaintiffs, they could not have discovered the bases for their nullity claim until after Raymond Sr.'s death in 2015.

All three bases on which Plaintiffs assert nullity relate to the circumstances surrounding Plaintiffs' execution of the Settlement Agreement. Even accepting Plaintiffs' allegations as true, these bases were readily apparent or reasonably ascertainable at the time the agreement was signed or in the five years that followed. With reasonable diligence, Plaintiffs could have recognized their misunderstanding of the terms of the Settlement Agreement, consulted an independent attorney, or questioned Raymond Sr.'s attorney or American Optical about the terms of their release. Thus, as the district court correctly noted, Plaintiffs' failure to discover the bases for their nullity claim

can only be attributable to their own willfulness or neglect. *See Corsey*, 375 So. 2d at 1322.

While Plaintiffs seek to reset the prescriptive clock to the date of Raymond Sr.'s death, Plaintiffs fail to assert how, if at all, Raymond Sr.'s death changed Plaintiffs' understanding of the Settlement Agreement or their ability to assert a nullity cause of action within the five-year prescriptive period. In fact, it is difficult to see the relevance of Raymond Sr.'s death to Plaintiffs' alleged discovery of their nullity cause of action at all. Accordingly, because the bases upon which Plaintiffs' nullity claim is based were readily discoverable at the time Plaintiffs executed the Settlement Agreement, the prescriptive period commenced on the date Plaintiffs entered into the agreement. *See Sepulvado*, 99 So. 3d at 1135. By November 11, 2016, when Plaintiffs filed suit seeking to nullify the Settlement Agreement, the five-year prescriptive period had run. *See* La. Civil Code. Ann. art. 2031. Therefore, the district court properly dismissed Plaintiffs' suit as time barred under Louisiana law.[5]

---

[5] Plaintiffs also assert that American Optical "failed to raise contractual negligence as an affirmative defense." However, Plaintiffs misunderstand the basis for American Optical's motion to dismiss and the district court's analysis. Reflecting the affirmative defense of prescription American Optical properly raised in its answer, *see* Fed. R. Civ. P. 8(b)(1)(A), American Optical appropriately moved to dismiss on the basis that Plaintiffs' nullity claim was prescribed pursuant to Rule 12(b)(6). *See Belanger v. Geico v. Gen. Ins. Co.*, 623 F. App'x 684, 685 (5th Cir. 2015) (unpublished) (recognizing that a Rule 12(b)(6) motion is an appropriate vehicle on which to seek dismissal of a claim barred by a prescription statute); *Tigert v. Am. Airlines*, No. 10–30069, 2010 WL 3155238, at *2–4 (5th Cir. Aug. 10, 2010) (unpublished) (same). Analyzing whether Plaintiffs' claim was time barred, the district court, in accordance with Louisiana's prescription law, considered the reasonableness of Plaintiffs' actions or inaction. *See Sepulvado*, 99 So. 3d at 1135 ("Under Louisiana law, the reasonableness of the plaintiff's action or inaction is a fundamental precept that the court must focus on in determining when prescription commences."). Thus, contractual negligence was not before the district court. Rather, the district court properly analyzed whether Plaintiffs' nullity claim was barred by the prescription statute or otherwise tolled by the *contra non valentem* doctrine.

No. 17-30346

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Plaintiffs' claims against American Optical.