1,WILLIAMS, Judge.
The plaintiff, Charles Wortham, appeals a declaratory judgment rendered in favor of the defendants, Carley Fielder and his liability insurer, State Farm Mutual Automobile *400 Insurance Company (“State Farm”). The trial court found that the defendants had satisfied the condition stated in the written settlement agreement and ordered the parties to perform the terms of the contract. For the following reasons, we reverse and remand for further proceedings.
FACTS
On July 12, 1993, the plaintiff, Charles Wortham, was operating an automobile in Bossier Parish, Louisiana, with his father, Lee Wortham, as a passenger. At the intersection of U.S. Highway 80 and La. Highway 157, their automobile was struck by a vehicle driven by Carley Fielder. As a result of the accident, plaintiff and his father were injured and they received medical treatment at LSU Medical Center (LSUMC). Plaintiff is divorced and the father of three children, Sha-landa White, Racquel Wortham and Jermaine Wortham.
Subsequently, the plaintiff, individually and on behalf of his minor children, filed a petition for damages against the defendants.[1] In June 1996, the parties met for a mediation conference. Following this conference, the mediator prepared a handwritten document entitled “Agreement to Settle,” which was signed by Charles Wortham, his attorney, William Long, and the defendants’ attorney.
Paragraph three of the agreement obligates plaintiff to assume responsibility for any medical or legal liens. However, paragraph four provides: “This agreement is conditional upon plaintiffs counsel working out the subrogation liens to plaintiffs counsel’s satisfaction.” At the time, a lien in favor of LSUMC existed for medical treatment delivered to plaintiff following the accident. There |2was also' a potential lien in favor of plaintiffs health insurer, Southern Council of Industrial Workers Trust Fund (“Southern Council”), for reimbursement of its payment of plaintiffs medical expenses.
A short time later, State Farm tendered to plaintiffs counsel the amount of funds stated in the-document, along with a Release and a Joint Motion and Order of Dismissal. Plaintiffs counsel had agreed to contact the lien holders in order to satisfy their alleged claims. However, plaintiff refused to accept the settlement proceeds or to sign the release documents. Thereafter, Long withdrew as plaintiffs counsel. At the time, Long had not contacted the lien holders or obtained court approval for settlement of the minors’ claims.
In September 1996, defendants filed a Petition for Concursus and deposited the proposed settlement funds of $30,000 into the court registry. Plaintiff hired new counsel and filed a motion for summary judgment seeking to have the settlement agreement declared null and void and to dismiss the concursus proceeding. The defense counsel contacted LSUMC and obtained a release of its lien. Defendants then filed a motion for declaratory judgment requesting the district court to enforce performance of the settlement agreement.
After a hearing, the trial court granted defendants’ motion for declaratory judgment, finding that the suspensive condition regarding medical liens had been satisfied by LSUMC’s release of its claim, and State Farm’s representation that it would indemnify plaintiff from the potential lien of his health insurer. The trial court’s judgment ordered performance of the terms stated in the handwritten document which had been signed by the parties. Plaintiff appeals.
DISCUSSION
The plaintiff contends the trial court erred in granting a declaratory | ..¡judgment to enforce the terms of the purported settlement agreement. Plaintiff argues the agreement is not enforceable because a suspensive condition has not been resolved to his satisfaction.
A conditional obligation is one dependent on an uncertain event. The condition is suspensive if the obligation may not be enforced until the event occurs. LSA-C.C. art. 1767. A compromise is an agreement between two persons who, for the purpose of preventing or ending a lawsuit, adjust their *401 differences in writing by mutual consent in the manner upon which they have agreed. LSA-C.C. art. 3071; Green Giant Co. v. Adcock Distribution Co., 420 So.2d 524 (La.App. 2d Cir.1982). A compromise is valid only if there is a meeting of minds between the parties as to exactly what they intended at the time the compromise was reached. Shell Oil Co. v. Jackson, 94-1267 (La.App. 1st Cir. 5/5/95), 655 So.2d 482.
In the present ease, the writing signed by the parties provides that in exchange for receipt of $30,000, inclusive of all special and medical damages, the plaintiff agrees to release and hold defendants harmless from all claims arising from the accident, to be responsible for any medical and legal liens and to indemnify defendants from such claims. Defendants urge that plaintiff has agreed to this settlement and should be required to perform the terms of the “Agreement to Settle.” However, we note that the written agreement contains a conditional provision inconsistent with a finding that the parties reached a compromise.
Although the settlement states that plaintiff is liable for all medical and legal hens, paragraph four expressly provides that the agreement is conditional upon the “working out” of the subrogation hens to the satisfaction of the plaintiffs counsel, and thus of plaintiff as the client. The agreement does not define the Lphrase “working out” and does not specify what measures would constitute a satisfactory resolution of the liens. Thus, the condition is based on plaintiffs subjective evaluation of whether the hens have been satisfactorily resolved. Plaintiff complains in his brief that the Southern Council hen has not been resolved to his satisfaction because its payment has not been arranged.
Paragraph four also provides that plaintiffs counsel would attempt to resolve the subrogation hens. Contrary to this provision, State Farm assumed the responsibihty of satisfying the hens after plaintiff refused to accept the tendered payment. Defendants contend that the suspensive condition contained in the contract was fully satisfied within a reasonable time by State Farm’s payment of the LSUMC hen and its verbal agreement to indemnify the plaintiff from any potential claim made by or on behalf of Southern Council.
However, this procedure is not consistent with the terms of Paragraph 4 and defendants do not necessarily have the same interests as would plaintiff or his counsel in resolving the hens. Thus, State Farm’s attempted resolution of the hens must be considered an offer to substitute its performance for that of plaintiffs counsel. Such a departure from the written provisions indicates the lack of any mutual agreement as to the terms of the settlement.
At the motion hearing, defense counsel verbally represented to the trial court that the plaintiff had been “told” he would be held harmless by State Farm from any potential Southern Council hen. The trial judge specifically considered State Farm’s oral representation in making his determination that the condition had been satisfied. However, as previously noted, the written agreement does not contain such a provision, but states that the plaintiff is responsible for all hens. The verbal representation also conflicts with the terms of the Release, attached to ^defendants’ coneursus petition, in which plaintiff is required to indemnify the defendants from ah hens. Such inconsistency further indicates the lack of a mutual agreement between the parties.
State Farm’s verbal pledge is an apparent attempt to modify the written agreement. However, in the present situation, such a verbal modification is ineffective. Where compromises and settlements are concerned, modifications of written contracts must be in writing. LSA-C.C. art. 3071; Braun Welding Supply v. Praxair, Inc., 94-1336 (La.App. 3rd Cir. 4/5/95), 654 So.2d 388.
After reviewing the record, we conclude that the foregoing circumstances indicate that the parties did not achieve a meeting of the minds as to either the treatment of the health insurer’s hen or the party who would be hable for such claims. Consequently, the attempted compromise is not vahd and may not be enforced. Therefore, the trial court erred in granting defendants’ motion for a declaratory judgment to enforce the parties’ *402 performance of the terms contained in the proposed settlement agreement and the judgment must be reversed. In reaching this conclusion, we pretermit a discussion of the plaintiffs remaining assignment concerning the claims of the minor children.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is reversed and the case is remanded to the district court for further proceedings. Costs of this appeal are assessed to the appellees, Carley Fielder and State Farm Mutual Automobile Insurance Company.
REVERSED AND REMANDED.

. Although originally a plaintiff in this action, Lee Wortham separately settled his claims against defendants and is no longer a party in this matter.