PITMAN, J.
1; Jessica Ann Farris, Plaintiff, appeals a judgment dismissing her petition for damages and for an accounting. Defendants, Michelle and Michael Kolb, filed exceptions of res judicata and of no cause of action, which were granted by the trial court. For the reasons set forth herein, we reverse and remand to the trial court for further proceedings.

FACTS

In 2002, Plaintiffs mother was killed in an automobile accident. Plaintiffs stepfather was driving the car and was convicted of vehicular homicide. Plaintiff was 14 years old at the time. Her mother’s sister and brother-in-law, Defendants, petitioned the court to be appointed as cotutors of Plaintiff and one of her minor siblings. Plaintiff began living with Defendants, who filed a lawsuit on behalf of Plaintiff and her minor sibling in connection with the car accident. In December 2004, the lawsuit was settled and Defendants were awarded $265,943.02 on behalf of Plaintiff. This money was to be administered by Defendants, as cotutors, for Plaintiffs benefit until she reached the age of majority. State Farm Mutual Automobile Insurance Company issued a surety bond to protect Plaintiff.
On March 31, 2006, Plaintiff reached the age of majority and, shortly thereafter, moved out of Defendants’ home, but Defendants did not turn over the settlement proceeds to Plaintiff at that time. In October 2007, Defendants rendered to Plaintiff the remaining balance of her trust, totaling $12,364.86; and, thereafter, all parties executed a motion and order to cancel surety bond effectively agreeing to cancel State Farm’s surety bond on the trust that Defendants had maintained on Plaintiffs behalf. The ^motion and order to cancel surety bond, signed by the Honorable R. Wayne Smith of the Third Judicial District Court of Louisiana, Lincoln Parish, in December 2007, contained the following pertinent language:
Mover, Jessica Ann Farris, is now an adult, and movers, Michael Kolb and Michelle Kolb, have provided an accounting to mover Jessica Ann Farris, of her estate, and movers desire that the aforementioned bond be cancelled and terminated effective November 16, 2007.
Plaintiff received an accounting from Defendants on January 21, 2008, but Plaintiff asserts that it does not meet the requirements of La. C.C.P. articles 4393 and 3333. Plaintiff filed a petition requesting a formal accounting of the disbursement of her trust funds, under La. C.C.P. art. 4392, and seeking damages against Defendants for breach of their fiduciary duty to Plaintiff by excessively, irresponsibly and unreasonably disbursing the custodial funds. Plaintiff also requested to be reimbursed for any funds that were disbursed without court approval. See La. C.C.P. art. 4270. *676 The trial court granted Defendants’ exceptions of res judicata and no right of action, reasoning that Plaintiffs signature on the motion and order to cancel surety bond was a legal compromise and it released Defendants from providing further accounting, from their legal responsibilities and from all liability to Plaintiff.

DISCUSSION

A compromise is an agreement between two persons who, for the purpose of preventing or ending a lawsuit, adjust their differences in writing by mutual consent in the manner upon which they have agreed. La. C.C. art. 3071; Wortham v. Fielder, 80,102 (La.App.2d Cir.4/8/98), 711 So.2d 399, writ denied, 98-1254 (La.6/19/98), 721 So.2d 474; Green Giant Co. v. Adcock Distribution Co., 420 So.2d 524 (La.App. 2d Cir.1982). A compromise is valid only if there is a meeting of minds between the parties as to exactly what they intended at the time the compromise was reached. La. C.C. art. 3071; Shell Oil Co. v. Jackson, 94-1267 (La.App. 1st Cir.5/5/95), 655 So.2d 482. Where compromises and settlements are concerned, contracts must be in writing or read aloud and transcribed into a court record. La. C.C. art. 3072; Braun Welding Supply v. Praxair, Inc., 94-1336 (La.App.3rd Cir.4/5/95), 654 So.2d 388.
The parties’ intent in executing a compromise is normally discerned from the four corners of the document; extrinsic evidence is normally inadmissible to explain, expand or contradict the terms of the instrument. Brown v. Drillers, Inc., 630 So.2d 741 (La.1994). In the present case, Plaintiff and Defendants signed a document that was titled and intended to release the surety, State Farm, and nothing more. There is no language in the motion and order to cancel surety bond that would give this court any reason to assume that the intent of the Plaintiff was to release Defendants of any liability for the mismanagement of Plaintiffs trust funds. The motion and order to cancel surety bond is not a compromise between the parties and does not preclude Plaintiff from bringing any claims she may have against Defendants.

Res Judicata

The doctrine of res judicata is stricti juris and any doubt as to its application must be resolved in favor of maintaining the action. McNeal v. State Farm, Mut. Auto. Ins. Co., 278 So.2d 108 (La.1973). It is true that a valid compromise will preclude the parties from bringing an action based upon the matter that was compromised. La. C.C. art. 3080. As discussed above, there was no compromise releasing Defendants’ liability or responsibility to provide an accounting when requested; and, therefore, the doctrine of res judicata does not apply.

Request for an Accounting

Plaintiffs request for a final accounting is proper. In fact, it is a prerequisite for any further claims that she may have against Defendants. La. C.C.P. art. 4392. Further, the language of La. C.C.P. art. 4392 states that a court shall order the filing of a final account upon the application of the former minor after the expiration of the tutorship. Plaintiffs petition, which acts as an application for a final accounting, was filed within the four-year prescriptive period, and Defendants should be ordered to provide a formal accounting of the disbursement of Plaintiffs funds.

CONCLUSION

For the foregoing reasons, the judgment of the trial court granting Defendants’ exceptions of res judicata and of no cause of action and dismissing Plaintiffs action with *677 prejudice is reversed and this matter is remanded to the trial court for further proceedings. Costs of appeal are assessed to Defendants, Michael Kolb and Michelle Kolb.
REVERSED AND REMANDED.