Judgment rendered July 13, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,594-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BRADLEY W. DUKE                                        Plaintiff-Appellee

versus

EDDIE G. THOMPSON AND                          Defendants-Appellants
STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 154,853

Honorable John M. Robinson (*Pro Tempore*), Judge

* * * * *

LAW OFFICES OF THOMAS                          Counsel for Appellants
BORDELON, LLC
By: Thomas A. Bordelon

PATRICK R. JACKSON, APLC                       Counsel for Appellee
By: Patrick R. Jackson
    J. Kyle McCotter
    Caitlin M. Cline

* * * * *

Before PITMAN, THOMPSON, and MARCOTTE, JJ.

**MARCOTTE, J.**

This appeal arises from the 26th Judicial District Court, Bossier Parish. Defendants Eddie G. Thompson and State Farm Mutual Automobile Insurance Company ("State Farm") seek review of a declaratory judgment finding that there was a legally enforceable compromise between defendants and plaintiff Bradley W. Duke. The case was originally presided over by the Honorable E. Charles Jacobs who heard oral arguments and rendered written reasons for judgment in this matter. The case was later presided over by the Honorable John M. Robinson, who rendered the judgment. For the following reasons, we reverse and remand.

## FACTS

On December 16, 2016, Duke and Thompson were involved in a motor vehicle accident on Swan Lake Road in Bossier City, Louisiana. On December 14, 2017, Duke filed a petition for damages naming Thompson and State Farm as defendants. Thompson had liability coverage with State Farm at the time of the accident.

On July 20, 2018, defendants filed a motion for summary judgment claiming that Duke entered into a valid compromise with State Farm for his bodily injury claims.[1] State Farm asserted that it had an audio recording of Duke agreeing to a compromise and release of his bodily injury claims and that Duke later negotiated a bank draft sent to him by State Farm in fulfillment of the alleged compromise. It argued that under the Louisiana Uniform Electronic Transactions Act ("LUETA"),[2] the audio recording

---

[1] The entire suit record was admitted at the hearing on the declaratory judgment.

[2] La. R.S. 9:2601, *et seq.*

meets with the writing requirement for a legally enforceable compromise found in La. C.C. art. 3072.[3] The following is a transcript of the audio recording of the conversation between Duke and the State Farm claims adjuster Stephanie Benavides ("Adjuster Benavides"):[4]

Claim Number: 1804396D3
Claim Office: Corporate Office

A.   (Audio begins) okay.

Q.   This is Stephanie Benavides and I'm speaking to Bradley Duke on June 15th, 2017 at approximately 10:59 A.M. Arizona Time. In order to record the release for his bodily injury settlement under claim number 1804396D as in delta 3. And Mr. Duke are you aware that I am recording this release?

A.   Yes ma'am.

Q.   Okay.

A.   Yes ma'am.

Q.   Do I (Inaudible 0:25) your permission to do so?

A.   Yes ma'am.

Q.   This release is for the accident which occurred on December 16th, 2016 at approximately actually I'm not sure exactly what time. But it was on Swan Lake Road in Bruiser City, Louisiana. With this settlement you are releasing State Farm Mutual Insurance Company, Rosa Thompson, and Ed(sp?) Thompson and their heirs for all injuries known and unknown resulting from this accident. We have agreed to settle your bodily injury claim for the amount of $6,834.00 to include all medical bills, lost wages, and pain and suffering. Do you agree with this bodily injury settlement as outlined?

A.   Yes ma'am.

Q.   Okay. This will conclude the recorded release. The time is now 11:00 A.M. on June 15th, 2017.

Duke opposed defendants' motion for summary judgment arguing that the audio recording of his conversation was only a fragment of the conversation he had with Adjuster Benavides and that the agreement was not in writing and was not signed by him. In his attached affidavit, Duke averred that he had a phone conversation with a State Farm representative on June 15, 2017, and, "In the recorded portion [of the conversation], I

---

[3] La. C.C. art. 3072 states:

> A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.

[4] Defendants attached the affidavit of State Farm Claims Specialist Joey Ofiana to their motion attesting to the validity of the "attached transcript" of the audio recording between State Farm and Duke. However, no transcript was attached to the affidavit. A transcript of the conversation was attached to later filings made by Duke, which is what is reproduced here.

unknowingly agreed to settle all my *bodily injury* claims against State Farm in exchange for $6,834.00." (Emphasis in original.)

Duke claimed that $6,834.00 was the amount of the property damage to his vehicle, a number that he had previously discussed with Adjuster Benavides in the conversation prior to when the recording began. He stated that the focus of the conversation was the property damage to his vehicle. Duke argued that he did not believe that he was agreeing to settle a claim for future medical expenses related to his personal injuries. He also stated that he did not understand that the call itself would function as a binding agreement, and he did not intend to sign a binding agreement during the call. Duke asserted that at the time of the call, he possessed no writing setting out the terms of the agreement, and that if the agreement had been in writing, and if he had had time to read it and understand his rights, he would not have compromised the claim for future bodily injuries.

Duke claimed that even after the call, State Farm did not provide him with a written or electronic record setting out the terms of the agreement. He stated that in June 2017, he received and cashed a State Farm check in the amount of $6,834.00. Duke stated that the check contained no notice stating that it was in satisfaction of future bodily injury claims, and it was not accompanied by any writing stating the same. He asserted that he understood the check to be in satisfaction of a claim for property damage to his vehicle.

On October 16, 2019, defendants filed a petition for declaratory judgment asking the trial court to declare that the June 15, 2017 audio recording of the conversation between Duke and State Farm is a valid and

3

enforceable compromise to settle Duke's bodily injury claims and that he released his claims against defendants.

Duke then filed a motion for partial summary judgment asking the trial court to find that the subject audio recording is not a legally enforceable compromise. Duke attached to his motion a copy of the check made out to him from State Farm in the amount of $6,834.00. There is no notation on the check stating which claims were settled. Defendants opposed Duke's motion for partial summary judgment.

On October 1, 2020, a hearing was held on Duke's motion for partial summary judgment and the petition for declaratory judgment. Judge Jacobs presided over the hearing. Duke's motion for partial summary judgment was argued and denied. The entire suit record was admitted at the hearing. Duke, the defendant in the declaratory judgment action, filed into the record copies of three bank drafts made out to him from State Farm. One draft is the check mentioned above in the amount of $6,834.00. The other two drafts include check stubs which state "Coverage Description: Property Damage Liability." The two drafts are in the amounts of $20,191.45 and $500.00.

Duke also gave testimony about his accident and the conversation he had with Adjuster Benavides prior to and while it was recorded. Defense counsel objected to his testimony as parol evidence. Duke's counsel countered that parol evidence is admissible to show that a written instrument is incomplete. The trial court stated in response:

> In applying that to 9:2601, *et seq.*, the statute says an electronic signature is any electronic sound; yes, I agree, oral acquiescence, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign a record. The question is, what in this

4

case is the record. The…suit record has been put into evidence; [there] are allegations that have been made that this doesn't contain the entire record, there [is] certain language in the actual one minute…conversation…and again, if I'm going to apply…the oral transaction and compromise to the record then I need to know at least what the record is. What I consider the, quote, record to be is the entire series of conversations that Mr. Duke may or may not have had with the State Farm people. And so I think that…he should be allowed to give oral testimony concerning his record or his series of conversations with State Farm as I do find at this point, one minute, thirty second…oral transaction in compromise to be ambiguous as to what…individual matters or provisions that he thought…to which he was agreeing.

Duke testified that his June 15, 2017 conversation with Adjuster Benavides lasted about 30 minutes, and he told her that he still had several bills that needed to be submitted. He stated that Adjuster Benavides offered the $6,834.00 after he informed her that he was going to hire an attorney. Duke stated that he never intended to release State Farm for that amount. He stated that he didn't sign anything during the conversation, but he acknowledged that he signed the check from State Farm in the amount of $6,834.00. Duke testified that his understanding from his conversation with Adjuster Benavides was that he would be able to receive payments from State Farm for future medical bills. He testified that, at the time of conversation with Adjuster Benavides on June 15, 2017, he was still having pain from the accident, specifically abdominal pain.

Duke testified that he listened to the conversation from June 15, 2017, and confirmed that it was his voice in the audio recording. He testified that he contacted State Farm again after June 15, 2017, and was told that his case was closed. Duke stated that he did not think he was owed any additional money from State Farm to repair his vehicle, and he did not think that the $6,834.00 was for property damage to his vehicle. He testified that the

5

audio recording of the June 15, 2017 conversation did not include the discussion of his ability to collect future medical expenses from State Farm and to collect the depreciation value of his truck.

On March 23, 2021, Judge Jacobs issued written reasons for judgment, stating that there is a valid compromise between defendants and Duke under the LUETA, but parol evidence is needed to determine the intent of the parties. The trial court stated that Duke "alleged and the recording verifies that the conversation consisted of more than the one minute sixteen second audio that was recorded." The trial court said that additional evidence is necessary "in the form of all correspondence, regardless of medium, that concerned Mr. Duke's bodily injury settlement."

On September 7, 2021, Judge Robinson signed a judgment stating that a legally binding compromise was executed on June 15, 2017, between Duke and State Farm. The trial court then stated that parol evidence "in the form of all correspondence, regardless of the medium, that concerned Mr. Duke's bodily injury settlement is necessary to clarify any ambiguity as [to] the terms of the release and/or the parties' intentions." State Farm and Thompson now appeal.

**DISCUSSION**

State Farm and Thompson argue that the exceptions to the parol evidence rule are inapplicable here. Defendants argue that State Farm expressly stated in the recorded release that the compromise was to apply to Duke's bodily injury claims, whether known or unknown, and the payment was being made for "medical bills, lost wages, and pain and suffering." Defendants contend that Duke orally agreed to the terms of the release, and

he later affirmed in court that he did not find the recording ambiguous and that he did not believe the $6,834.00 was for property damage.

Defendants argue that the trial court first found that there was a valid compromise achieved through an audio recording, but then it wanted to treat the audio compromise differently than a written compromise by allowing parol evidence, in the form of settlement negotiations, to be considered. Defendants ask this Court to reverse the portion of the judgment ordering additional proceedings to examine parol evidence.

Duke claims that the trial court "was correct in declining to grant declaratory judgment to defendants." He argues that the trial court's determination that parol evidence is necessary to clarify any ambiguity as to the terms of the release and/or the parties' intentions, was not to vary the terms of the agreement, but was, rather, to determine what was agreed to in a "whole" conversation, only part of which was recorded by State Farm. Duke states that no Louisiana appellate court has found that an audio recorded statement is an electronic writing or document. Duke argues that the terms of the compromise cannot be established, because the audio recording is only a fragment of the entire conversation between Duke and Adjuster Benavides.

Duke claims that review of the transcript of the audio recording suggests that a further conversation was not recorded prior to State Farm commencing recording the conversation. He states that he never intended to release State Farm from all of its obligations for $6,834.00, which is supported by his actions following the conversation had on June 15, 2017. Duke states that should this Court agree that the LUETA and La. C.C. art. 3072 are reconcilable, then the entirety of his claims negotiation with State

Farm should have been recorded to ensure it comprises all of the terms agreed to by the parties.

The purpose of the declaratory judgment articles of the Louisiana Code of Civil Procedure is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered. La. C.C.P. art. 1881; *Goodwin v. City of Mandeville*, 18-1118 (La. App. 1 Cir. 5/31/19), 277 So. 3d 822, *writ denied*, 19-01083 (La. 10/8/19), 319 So. 3d 856. A person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation, and the declaratory judgment will remove the uncertainty or terminate the dispute. *Id*.

A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings. La. C.C. art. 3072. A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express. La. C.C. art. 3076.

The trial court's interpretation of an alleged compromise agreement is subject to manifest error or clearly wrong review. *Klebanoff v. Haberle*, 43,102 (La. App. 2 Cir. 3/19/08), 978 So. 2d 598. This is because the existence or validity of a compromise depends on a finding of the parties' intent, an inherently factual finding. *Id*. There are two essential elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their

8

differences.  *Trahan v. Coca Cola Bottling Co. United, Inc.*, 04-0100 (La. 3/2/05), 894 So. 2d 1096; *Klebanoff v. Haberle, supra*.  A compromise is valid only if there is a meeting of minds between the parties as to exactly what they intended at the time the compromise was reached.  *Farris v. Kolb*, 47,886 (La. App. 2 Cir. 2/27/13), 135 So. 3d 674.

The trial court here stated in its judgment that there was a valid compromise between Duke and defendants, essentially finding that there was a meeting of the minds between the parties as to exactly what they intended at the time the compromise was reached.  *Id.*  However, the trial court then stated in the following paragraph of its judgment that parol evidence is needed "to clarify any ambiguity as [to] the terms of the release and/or the parties' intentions."  The judgment contradicts itself.  The trial court cannot first determine that the there is a valid compromise, and then state that there is ambiguity as to the parties' intentions.  Therefore, the declaratory judgment is reversed and the matter is remanded for further proceedings.

## CONCLUSION

For the foregoing reasons, we reverse the September 7, 2021 judgment of the trial court and remand this matter for further proceedings consistent with this opinion.  The costs of the appeal are assessed to appellants.

**REVERSED AND REMANDED.**